■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL PANZARINO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Nicolai, J.), rendered May 21, 1985, convicting him of reckless endangerment in the first degree (two counts), criminal possession of a weapon in the second degree (two counts), and criminal possession of a weapon in the third degree (four counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The circumstantial evidence was sufficient to prove the defendant's guilt beyond a reasonable doubt and exclude to a moral certainty every reasonable hypothesis of innocence *(see, People v Benzinger,* 36 NY2d 29). The verdict was not against the weight of the evidence (CPL 470.15 [5]).

The hearing court properly denied the defendant's motion to set aside the verdict pursuant to CPL 330.30 (3). This motion is directed to the sound discretion of the hearing court whose assessment of credibility will not be disturbed unless it is

clearly erroneous *(see, People v Miller,* 124 AD2d 830, *lv denied* 69 NY2d 830). Ramon Gonzalez, who was allegedly with the defendant the night of the crime, confessed to the shooting for which the defendant was convicted of reckless endangerment. However, given that Gonzalez was allegedly with the defendant, and Gonzalez's close contacts with the defendant's family, the defendant did not meet his burden of proving that the evidence could not have been produced at trial with due diligence *(see,* CPL 330.30 [3]). Furthermore, on this record, the hearing court's finding that Gonzalez was not a credible witness should not be disturbed.

Although the defendant's original counsel did not move to suppress evidence, this did not constitute ineffective assistance of counsel *(see, People v Elliott,* 124 AD2d 673, *lv denied* 69 NY2d 879). The defendant's contention that his counsel was ineffective because he did not call certain witnesses at trial cannot be reviewed on this record *(see, People v Ogelsby,* 128 AD2d 556).

We have considered the defendant's other contentions and find that they are either unpreserved for appellate review or without merit. Mangano, J. P., Niehoff, Spatt and Harwood, JJ., concur.