■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE IRRIZARY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Aiello, J.), rendered March 31, 1987, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

There is no merit to the defendant's claim that the trial court improperly refused his request to instruct the jury concerning the scope and nature of the benefit conferred upon the informant-witness, namely, that the witness expected lenient treatment on pending bank robbery charges in exchange for his testimony. The court's instruction on this point, while not conveying as clear a message as set forth in 1 CJI(NY) 7.24, adequately informed the jury that it must determine whether or not the informant-witness's interest in testifying was such as would be likely to affect his veracity, and further charged that the informant was an interested witness as a matter of law (see, People v Jackson, 74 NY2d 787, 789-790). In addition, the record reveals that the precise nature of the benefit conferred upon the informant in exchange for his testimony was fully explored by defense counsel on cross-examination (see, People v Sherman, 156 AD2d 889, 891-892).

We have examined the defendant's remaining contention and find it to be without merit. Thompson, J. P., Harwood, Balletta, and Rosenblatt, JJ., concur.