■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM JAMISON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Hanophy, J.), rendered April 17, 1990, convicting him of murder in the second degree (two counts), robbery in the first degree, criminal possession of a weapon in the fourth degree, and falsely reporting an incident in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the contention of the defendant, the hearing court properly ruled that a Rosario violation did not occur (see, People v Rosario, 9 NY2d 286, cert denied 386 US 866). After the trial, the defense counsel alleged that a witness had given the prosecutor information concerning jewelry taken from the victim's apartment and that this information was never provided to the defense counsel. Following a hearing, the court denied the defendant's motion to set aside the verdict on the ground of "newly discovered evidence", finding the testimony of this witness with respect to his purported conversation with the prosecutor to be incredible. It is well settled that the determination of a hearing court, with its particular advantages of having heard and seen witnesses, is to be accorded great weight on appeal unless clearly erroneous (see, People v Prochilo, 41 NY2d 759). We find no basis in the record to disturb the hearing court's determination. Contrary to the defendant's contention, the fact that the hearing court determined that the witness was not credible was relevant as to whether a Rosario violation had occurred since the hearing court found that the witness had never related this alleged information to the prosecutor (see, People v Rosario, 9 NY2d 286, supra).

Although we find that the trial court should have charged the jury that it should consider any specific benefits conferred

upon a witness for testifying *(see,* 1 CJI[NY] 7.24; *People v Jackson,* 74 NY2d 787), its failure to do so does not mandate reversal under the circumstances of this case. We note that the witnesses were cross-examined thoroughly as to their potential motives for giving false testimony *(see, People v Dewindt,* 156 AD2d 706; *People v Sherman,* 156 AD2d 889; *People v Irrizary,* 180 AD2d 822).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are either unpreserved for appellate review or without merit. Thompson, J. P., Balletta, Eiber and Ritter, JJ., concur.