■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY NICHOLSON, Appellant. [661 NYS2d 552] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment of Monroe County Court convicting him upon a jury verdict of murder in the second degree, for which he was sentenced to an indeterminate term of imprisonment of 25 years to life. Defendant contends that the court erred, following a hearing pursuant to People v Rodriguez (79 NY2d 445), in denying defendant's motion to suppress identification testimony; that defendant was deprived of a fair trial as the result of an outburst by a prosecution witness and a courtroom spectator; that the verdict is not supported by sufficient evidence and is against the weight of the evidence; that the court erred in limiting cross-examination of a prosecution witness; that defendant was deprived of effective assistance of counsel; and that the court erred in denying defendant's motion to set aside the verdict based on newly discovered evidence. When the case came on to be heard, we held the case, reserved decision, and remitted the matter to Monroe County Court for a hearing pursuant to CPL 330.40 (2) (f) to determine defendant's motion to set aside the verdict on the ground of newly discovered evidence, namely, a postverdict confession by Darnell Phelps (People v Nicholson, 222 AD2d 1055). Resubmission of this appeal requires us to consider whether the hearing court erred in determining that the confession did not qualify as a declara-

tion against penal interest and in refusing to set aside the verdict on the ground of newly discovered evidence.

The hearing court did not abuse its discretion in determining that defendant had not established the trustworthiness of Phelps's confession, a requirement for its admission as a declaration against penal interest (*see, People v Brensic*, 70 NY2d 9, 15, *mot to amend remittitur granted* 70 NY2d 722). Because Phelps's statement is inadmissible and defendant adduced no other competent new evidence, there is no basis for setting aside the verdict and granting a new trial.

The evidence at the *Rodriguez* hearing establishes that the witness was well acquainted with defendant and that the photo identification procedure thus was not unduly suggestive. The record establishes that the court made searching inquiry into whether the courtroom outburst prejudiced the jurors against defendant. Upon satisfying itself that the jurors could remain impartial, the court properly denied defendant's motion for a mistrial. The verdict finding defendant guilty of intentional murder is supported by sufficient evidence and is not against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495).

We have considered defendant's remaining contentions, including the challenge to the effectiveness of trial counsel, and conclude that they are without merit. (Resubmission of Appeal from Judgment of Monroe County Court, Maloy, J.— Murder, 2nd Degree.) Present—Denman, P. J., Green, Doerr, Boehm and Fallon, JJ.