■ The People of the State of New York, Respondent, v Juan Luna, Appellant. The People of the State of New York, Respondent, v Tony Arujo, Appellant. [690 NYS2d 534] —Judgment, Supreme Court, New York County (James Yates, J., on speedy trial motions; Jeffrey Atlas, J., at jury trial and sentence), rendered September 13, 1996, convicting defendant Luna of two counts of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 8 to 16 years, and judgment, same court and Justices, rendered October 7, 1996, convicting defendant Arujo of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 9 to 18 years, unanimously affirmed.

Defendants' speedy trial motions were properly denied. In this connection, we find that the motion court properly excluded the 21-day period from April 26, 1995 to May 17, 1995, since the People are afforded a "reasonable period" to produce Grand Jury minutes (*People v Jones*, 235 AD2d 297, *lv denied* 89 NY2d 1095), and there is no showing that the relatively short delay in obtaining the minutes was due to the People's negligence (*compare, People v McKenna*, 76 NY2d 59). We further find that the motion court properly excluded the 29-day period from August 8, 1995 to September 6, 1995. Since the issue was properly presented to the motion court by mutual concessions of defendant Luna and the People, and both defendants had the opportunity to present their arguments, both legal and factual (*compare, People v Chavis*, 91 NY2d 500, 506), whereupon the motion court expressly decided the question (*see*, CPL 470.05 [2]), the issue is properly determined by reference to the record. Our review of the record confirms the motion court's determination that this time period was excludable as a reasonable time for the People to prepare, following decision on defendants' omnibus motions, which included determination of applications for suppression hearings and dismissal of two counts of the indictment (*see, People v Heine*, 238 AD2d 212, *lv denied* 90 NY2d 905).

The trial court appropriately exercised its discretion in denying the defense application for the drastic remedy of dismissal of the indictment based upon inadvertent destruction of the

drugs recovered from the two purchasers (*People v Scott*, 235 AD2d 317, *lv denied* 90 NY2d 943).

The court properly admitted uncharged crimes evidence regarding the recovery from the police transport van of a pouch containing drugs. The probative value of the evidence in connection with issues before the jury, such as the acting in concert theory and the alleged exchange between defendants that immediately preceded the charged sales, as well as the failure of the police to recover drugs from either defendant upon arrest, far outweighed its potential for prejudice (*see, People v Alvino*, 71 NY2d 233, 241-242).

We perceive no abuse of sentencing discretion.

We have considered and rejected defendants' remaining claims. Concur—Sullivan, J. P., Tom, Lerner and Buckley, JJ.