■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD WALLACE, Appellant. [706 NYS2d 539] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]) and sentencing him to an indeterminate term of incarceration of 25 years to life. Defendant's contention that Supreme Court should have suppressed the identification testimony of the sole eyewitness is not preserved for our review (*see, People v Clark*, 262 AD2d 1051, *lv denied* 93 NY2d 1016). Defendant's original suppression motion was directed to the photo array, not to the lineup, which had not yet taken place. Although defendant's subsequent suppression motion was directed to the lineup identification, the motion was based on a ground different from that argued on appeal. In any event, because there was no *Wade* hearing with respect to the lineup, we are unable to review defendant's present contention that the lineup identification was tainted by the photo array procedure. The court summarily denied the subsequent motion on the ground that the allegations were insufficient to warrant the relief demanded and, further, were not in competent form (*see,* CPL 710.60 [1], [3] [a], [b]; *see generally, People v Gantt*, 104 AD2d 1007; *People v Roberto H.*, 67 AD2d 549, 551-552), and defendant does not challenge that ruling. We note that the fact that the witness had been shown a photo array would not by itself disqualify the witness from subsequently identifying defendant from a

lineup. Indeed, the identification at a lineup five months after the photo array procedure is sufficiently attenuated in time to nullify any taint even if the photo array was suggestive (*see, People v Lee*, 207 AD2d 953, *lv denied* 85 NY2d 864).

Contrary to defendant's contention, the evidence is legally sufficient to support the conviction and the verdict is not against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495; *People v Smith*, 157 AD2d 810, *lv denied* 75 NY2d 970).

The court properly denied defendant's CPL 330.30 motion based upon its determination that the evidence adduced at the hearing on the motion was not credible and thus not likely to result in a different verdict upon retrial (*see, People v Barrero*, 137 AD2d 759; *People v Rivera*, 108 AD2d 829, 830). Further, the court properly refused to admit an out-of-court statement as a declaration against penal interest. The trustworthiness and the reliability of the statement were not confirmed by sufficient competent evidence independent of the statement (*see, People v Brensic*, 70 NY2d 9, 15, *mot to amend remittitur granted* 70 NY2d 722; *People v Thomas*, 68 NY2d 194, 197, *cert denied* 480 US 948). Because the out-of-court statement was inadmissible and defendant presented no competent new evidence, there was no basis for setting aside the verdict and granting a new trial on the ground of newly discovered evidence (*see, People v Nicholson*, 238 AD2d 937, 938, *lv denied* 90 NY2d 908).

We have reviewed defendant's remaining contentions and conclude that they are without merit. (Appeal from Judgment of Supreme Court, Monroe County, Cornelius, J.—Murder, 2nd Degree.) Present—Pigott, Jr., P. J., Green, Pine and Hurlbutt, JJ.