■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY WELCH, Appellant. [723 NYS2d 292] —Judgment unanimously affirmed. Memorandum: Defendant contends that County Court erred in denying his CPL 330.30 motion to set aside the verdict based on newly discovered evidence. We disagree. The victim testified at trial that he visited a certain female friend before he was attacked by defendant. The newly discovered evidence is an affidavit obtained after trial from that friend stating that the victim did not visit her that day. The affidavit does not "create a probability" that the verdict would have been more favorable to defendant had it been received at trial (CPL 330.30 [3]). The affidavit is not material to the attack (*see, People v Salemi,* 309 NY 208, 215-216, *cert denied* 350 US 950), and, "[a]t most, [it] merely impeaches or contradicts [the victim] on a nonmaterial point" (*People v White,* 272 AD2d 872, 873, *lv denied* 95 NY2d 859). Contrary to defendant's further contention, the court properly refused to sanction the People for their failure to produce the victim's medical records in a timely manner. Defendant's attorneys met with the victim's doctor and declined the court's offer of a continuance, and thus defendant was not prejudiced by the late disclosure (*see, People v Benitez,* 221 AD2d 965, 965-966, *lv denied* 87 NY2d 970). Finally, the sentence is neither unduly harsh nor severe. (Appeal from Judgment of Monroe County Court, Bristol, J.—Assault, 1st Degree.) Present—Pigott, Jr., P. J., Wisner, Hurlbutt, Kehoe and Lawton, JJ.