■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARILD GONZALEZ, Appellant. [728 NYS2d 128] —Judgment,

Supreme Court, New York County (Budd Goodman, J., at *Hinton* hearing; Dorothy Cropper, J., at jury trial and sentence), rendered June 1, 1999, convicting defendant of criminal sale of a controlled substance in or near school grounds, and sentencing him to a term of 6 to 12 years, unanimously affirmed.

The court properly closed the courtroom to the general public during the testimony of the undercover officer, based on evidence that the officer continued to work in the vicinity of defendant's arrest, particularly on a long-term investigation, that it was likely that the officer would again be assigned to that area to purchase narcotics, and that subjects of the long-term investigation remained unapprehended (*see, People v Ayala,* 90 NY2d 490, *cert denied* 522 US 1002).

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. The evidence warranted the conclusion that defendant was a participant in the sale and did not merely provide general information as to where drugs could be obtained. Defendant immediately responded to the undercover buyer's request for "manteca," a street name for heroin, questioned the buyer to determine that he was not an officer, asked him how many he wanted, and sought to have the buyer consume some of the drugs in front of him so as to prove he was not a police officer. Furthermore, when defendant told his accomplice to "give me two," the accomplice immediately understood that the drugs were for the officer, to whom the accomplice handed the drugs directly. The totality of the conduct of defendant and his accomplice clearly established defendant's accomplice liability (*see, People v Bello,* 92 NY2d 523). Concur—Rosenberger, J. P., Tom, Mazzarelli, Wallach and Friedman, JJ.