(June 17, 2003)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TANYA SEBASTIAN, Appellant. [760 NYS2d 651] —Judgment, Supreme Court, New York County (Herbert Altman, J.), rendered December 21, 2000, convicting defendant of criminal sale of a controlled substance in the third degree, and sentencing her, as a second felony offender, to a term of 5 to 10 years, unanimously affirmed.

Contrary to defendant's contention, the verdict was not against the weight of the evidence (*see People v Bleakley,* 69 NY2d 490, 495-496 [1987]), which warranted the jury's conclusion that defendant was a participant in the drug sale for which she was convicted, and not a mere purveyor of general information as to where drugs could be obtained (*see People v Gonzalez,* 283 AD2d 278 [2001], *lv denied* 96 NY2d 939 [2001]).

Defendant's claim that the drugs recovered from the police van in which she was transported subsequent to her arrest were improperly received in evidence was not preserved as a matter of law for appellate review by the requisite specific objection. Were we to review the claim, we would find it without merit (*see People v Luna,* 261 AD2d 245 [1999], *lv denied* 93 NY2d 1004 [1999]). We note as well that the evidence was admitted with appropriate limiting instructions to prevent the jury from drawing inferences as to defendant's propensity for conduct such as that with which she had been charged.

There was no evidence that defendant was acting as an agent of the undercover officer, a complete stranger to her with whom she did not converse (*see People v Herring,* 83 NY2d 780 [1994]; *People v Vaughan,* 300 AD2d 104 [2002]) and, accordingly, there is no basis for a claim of ineffective assistance of counsel predicated upon the failure to present an agency defense. Concur—Buckley, P.J., Tom, Rosenberger, Ellerin and Williams, JJ.