■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE BETSCH, Appellant. [772 NYS2d 175]—

Appeal from a judgment of the Erie County Court (John V. Rogowski, J.), rendered April 13, 1998. The appeal was held by this Court by order entered September 28, 2001, decision was reserved and the matter was remitted to the Erie County Court for further proceedings (286 AD2d 887 [2001]). The proceedings were held and completed before Sheila A. DiTullio, J.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: We previously held this case, reserved decision, and remitted the matter to Erie County Court for the assignment of counsel and a de novo determination of defendant's pro se CPL article 330 motion seeking to set aside the verdict on the grounds of newly discovered evidence, ineffective assistance of counsel and prosecutorial misconduct (*People v Betsch*, 286 AD2d 887 [2001]). We note at the outset that, to the extent that defendant introduced evidence controverting trial counsel's testimony at the hearing on the motion, such evidence merely raised issues of credibility for the hearing court to resolve. We see no reason to disturb the hearing court's credibility determinations (*see People v Panzarino*, 131 AD2d 788 [1987], *lv denied* 70 NY2d 753 [1987]).

In support of his motion, defendant submitted the affidavit of an employee who allegedly witnessed a confrontation between a security guard and defendant. Defendant contended that the information in the affidavit constituted newly discovered evidence and that trial counsel was ineffective in failing to call that employee as a witness. The information in the affidavit cannot be said to constitute newly discovered evidence, however, nor can it be said that trial counsel was ineffective in failing to call that witness to testify at trial. Trial counsel knew of the witness and

testified at the hearing that he made a strategic choice not to call that witness because an investigator he had hired told him that the witness would testify that defendant threatened the security guard with a knife, thus confirming the security guard's testimony. Nor was trial counsel ineffective in the manner in which he questioned defendant regarding defendant's ownership of a knife. Trial counsel's testimony at the hearing established that, when defendant was asked on cross-examination at trial whether he owned a knife, it was defendant's own decision to respond, "No, sir. Not that I would carry with me." Thus, by going beyond a brief response of "no" to trial counsel's question, defendant opened the door to questions from the prosecutor that went beyond the court's *Sandoval* ruling. Contrary to the contention of defendant, we conclude that the evidence, the law and the circumstances of this case, viewed in totality and as of the time of the representation, establish that he received meaningful representation at trial (*see People v Davis*, 307 AD2d 722, 723 [2003], *lv denied* 100 NY2d 619 [2003]; *see generally People v Baldi*, 54 NY2d 137, 147 [1981]).

The court also properly refused to grant defendant's motion based on prosecutorial misconduct. Although we agree with defendant that the prosecutor's comments on propensity evidence were improper, we note that the court gave an appropriate limiting instruction that the evidence of defendant's past crimes could not be used as proof that defendant committed the crimes in the instant case (*see generally People v Sebastian*, 306 AD2d 117 [2003], *lv denied* 100 NY2d 624 [2003]; *People v Baker*, 211 AD2d 602, 603 [1995], *lv denied* 86 NY2d 779 [1995]; *cf. People v Johnson*, 114 AD2d 210, 213 [1986]).

Contrary to the further contention of defendant, his assigned counsel during the CPL article 330 hearing was not ineffective for allegedly failing to pursue more vigorously various contradictions brought out by trial counsel's hearing testimony. Defendant's contention "represents nothing more than an attack on the trial strategy employed and does not substantiate a denial of meaningful representation" (*People v Szarka*, 163 AD2d 758, 758 [1990], *lv denied* 76 NY2d 944 [1990]; *see generally People v Fry*, 165 AD2d 961 [1990]). In any event, the record demonstrates that defendant's hearing counsel fully explored the contradictions during his cross-examination of trial counsel. Finally, the sentence is neither unduly harsh nor severe. Present—Pine, J.P., Wisner, Hurlbutt, Kehoe and Gorski, JJ.