■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDDIE WILSON, Appellant. [832 NYS2d 726]—

Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered May 27, 2004. The judgment convicted defendant, upon his plea of guilty, of manslaughter in the second degree and driving while intoxicated.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of manslaughter in the second degree (Penal Law § 125.15 [1]) and driving while intoxicated (Vehicle and Traffic Law § 1192 [3]). Contrary to the contention of defendant, County Court did not abuse its discretion in denying his motion to withdraw his guilty plea (*see generally* CPL 220.60 [3]; *People v Alexander*, 97 NY2d 482, 485 [2002]). Defendant alleged in support of his motion that he had been threatened by another inmate and was therefore coerced into pleading guilty, and the court determined following a hearing that defendant's testimony concerning the alleged coercion was incredible as a matter of law. " 'Issues of credibility are primarily for the hearing court and its findings should be upheld unless they are clearly erroneous' " (*People v Stephens*, 6 AD3d 1123, 1124 [2004], *lv denied* 3 NY3d 663, 682 [2004]), and here the court's findings are supported by the record.

Contrary to the further contentions of defendant, a waiver of the right to appeal is not against public policy (*see People v Aguayo*, 37 AD3d 1081 [2007]; *People v Peterson*, 35 AD3d 1195 [2006]; *see generally People v Muniz*, 91 NY2d 570, 573-575 [1998]), and his waiver of the right to appeal was knowingly, intelligently and voluntarily entered (*see People v Lopez*, 6 NY3d 248, 256 [2006]). Although defendant's contention that the plea was not knowingly, intelligently and voluntarily entered survives the waiver of the right to appeal (*see People v DeJesus*, 248 AD2d 1023 [1998], *lv denied* 92 NY2d 878 [1998]), that contention likewise is without merit. The record establishes that the court carefully reviewed the consequences of the plea with defendant and that defendant indicated that he understood the consequences of pleading guilty. Finally, we reject the contention of defendant that the court erred in denying his pro se motion for substitution of counsel. Defendant failed to establish " 'good cause for a substitution,' such as a conflict of interest or other irreconcilable conflict with counsel" (*People v Sides*, 75 NY2d 822, 824 [1990]). Present—Scudder, P.J., Hurlbutt, Centra, Fahey and Green, JJ.