■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRENTNOL A. BRITTON, Appellant. [853 NYS2d 898]—

The defendant's contention that the judgment of conviction should have been vacated based on newly-discovered evidence is without merit. The hearing court found that the testimony regarding the alleged new evidence proffered by the defendant was not credible. The credibility determination of the hearing court, with its particular advantages of having seen and heard the witnesses, is entitled to great deference on appeal (*see People v Prochilo*, 41 NY2d 759, 761 [1977]) and will not be disturbed unless clearly erroneous (*see People v Francis*, 44 AD3d 788, 789 [2007], *lv denied* 9 NY3d 1033 [2008]; *People v Stevens*, 43 AD3d 1088, 1089 [2007], *lv denied* 9 NY3d 1039 [2008]; *People v Jamison*, 188 AD2d 551 [1992]). We discern no basis in the record to disturb the court's determination in this case.

Similarly unavailing is the defendant's contention that he was denied the effective assistance of trial counsel. The evidence presented by the defendant failed to demonstrate the absence of strategic or other legitimate explanations for counsel's allegedly deficient conduct (*see People v Caban*, 5 NY3d 143, 152 [2005]; *People v Jordan*, 44 AD3d 875 [2007], *lv denied* 9 NY3d 1035 [2008]). The evidence, the law, and the circumstances of the case, viewed in totality as of the time of representation, reveal that trial counsel provided meaningful representation (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]).

Accordingly, the Supreme Court properly denied the defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction. Mastro, J.P., Covello, Dickerson and Eng, JJ., concur.