# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**543**

**KA 12-01433**

PRESENT: SCUDDER, P.J., FAHEY, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                   MEMORANDUM AND ORDER

MALCOLM BRYANT, DEFENDANT-APPELLANT.

---

EDELSTEIN & GROSSMAN, NEW YORK CITY (JONATHAN I. EDELSTEIN OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (GEOFFREY KAEUPER OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------------------------------------

Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Supreme Court, Monroe County (Daniel J. Doyle, J.), dated June 26, 2012. The order denied the motion of defendant to vacate a judgment of conviction pursuant to CPL 440.10.

It is hereby ORDERED that the order so appealed from is reversed on the law, the motion is granted, the judgment is vacated and a new trial is granted in accordance with the following Memorandum: On appeal from an order denying his CPL 440.10 motion following a hearing, defendant contends that Supreme Court erred in denying that motion. We agree. Defendant was convicted following a jury trial of assault in the first degree (Penal Law § 120.10 [1]) and two counts of criminal possession of a weapon in the second degree (§ 265.03 [1] [b]; [3]) related to the shooting of the victim. Defendant thereafter moved to vacate the judgment on the grounds of, inter alia, newly discovered evidence, ineffective assistance of counsel and actual innocence, seeking either a new trial or dismissal of the indictment. We conclude that defendant is entitled to a new trial on the ground of newly discovered evidence, and we therefore reverse the order and grant the motion to the extent that it is based on newly discovered evidence.

At trial, the only witness to identify defendant as the shooter was the victim. Immediately after the shooting, however, the victim informed the police officers investigating the shooting that, because he wore glasses, he was unable to identify the shooter. Defendant, who lived in the area of the shooting, presented a neighbor as an alibi witness. That neighbor testified that he had seen defendant inside a bar immediately before the neighbor left the bar. Upon his arrival at his residence, the neighbor observed the victim and drove him to the hospital. Because the neighbor was admittedly intoxicated

on the night of the shooting, there was some question whether he was mistaken about the timing of events.  Following 13 hours of deliberation and an *Allen* charge, the jury convicted defendant.

In support of his CPL 440.10 motion, defendant submitted the affidavit of a neighbor who observed the shooting (hereafter, first witness).  She averred that she observed a person, whom she identified, shoot the victim, and that person was not defendant.  She further averred that defendant, whom she knew from the neighborhood, was not present at the scene of the crime.  Defendant also submitted an affidavit from another neighbor who arrived home shortly before the shooting and observed several men on the street arguing (hereafter, second witness).  The second witness also knew defendant from the neighborhood, and she averred that he was not among the men arguing on the street.  Although the second witness did not actually observe the shooting, she went to her window immediately after hearing the gunshots and observed two men, neither of whom was defendant, leaving the scene.  The first witness identified the shooter by a street name, and the second witness identified that same person as being one of the men arguing with the victim and then leaving the scene immediately after the shooting.  Both the first witness and second witness testified at the hearing on the motion, and their testimony reiterated the information contained in their sworn affidavits.

It is well settled that, in order to establish entitlement to a new trial on the ground of newly discovered evidence, "a defendant must prove that 'there is newly discovered evidence:  (1) which will probably change the result if a new trial is granted; (2) which was discovered since the trial; (3) which could not have been discovered prior to trial; (4) which is material; (5) which is not cumulative; and[] (6) which does not merely impeach or contradict the record evidence' " (*People v Madison*, 106 AD3d 1490, 1492; *see People v Smith*, 108 AD3d 1075, 1076, *lv denied* 21 NY3d 1077; *see generally People v Salemi*, 309 NY 208, 215-216, *cert denied* 350 US 950).

We conclude that defendant met his burden of establishing all six factors by a preponderance of the evidence (*see* CPL 440.30 [6]; *People v Tankleff*, 49 AD3d 160, 179-180).  Although the second witness gave the police a statement on the night of the incident, there is no dispute that the information obtained from the first witness was in fact discovered after trial, that it was material to the case and that it was not cumulative of other evidence (*see e.g. People v Singh*, 111 AD3d 767, 768-769; *People v Bellamy*, 84 AD3d 1260, 1261-1262, *lv denied* 17 NY3d 813).  Contrary to the People's contention, the information from the first witness was not merely impeaching evidence; it addressed directly the issue of defendant's guilt or innocence (*see e.g. Madison*, 106 AD3d at 1493; *People v Lackey*, 48 AD3d 982, 984, *lv denied* 10 NY3d 936; *cf. People v Welch*, 281 AD2d 906, 906, *lv denied* 97 NY2d 734).  We further conclude that, when the testimony from the first witness is considered in light of the hearing testimony from the second witness and all of the evidence admitted at trial, "there is a reasonable probability that had such evidence been received at trial, the verdict would have been more favorable to the

defendant" (*People v Malik*, 81 AD3d 981, 982; *see Tankleff*, 49 AD3d at 182).  The jury deliberated for over 13 hours and, at one point, was deadlocked.  The hearing testimony of the two witnesses corroborates each other as well as the trial testimony of defendant's alibi witness, i.e., that defendant was not present at the scene immediately before or immediately after the shooting.  Had evidence from the first witness and the second witness been introduced at trial, the prosecution may not have been able to discredit the trial testimony of the alibi witness as being mistaken relative to the timing of events.

In our view, the one factor that warrants a more extended analysis is whether defendant established that the information obtained from the two witnesses could not have been discovered with due diligence before trial.  " '[T]he due diligence requirement is measured against the defendant's available resources and the practicalities of the particular situation' " (*Tankleff*, 49 AD3d at 180).  Here, the police reports submitted by defendant in support of his motion established that police officers canvassed the neighborhood shortly after the shooting.  They went to 14 nearby residences and were not able to find anyone with any relevant information.  While the second witness gave a statement to the police on the night of the incident, none of the police reports mentioned the name of the first witness.  Inasmuch as "[t]he primary burden of investigating a crime is on the People through their agency, the police department" (*People v Hildenbrandt*, 125 AD2d 819, 821, *lv denied* 69 NY2d 881), we conclude that it was not unreasonable for defense counsel, in light of "the limited resources generally available to the defense" (*id.*), to conclude that a further canvass of the neighborhood would not yield any new and relevant information.  Here, as in *Hildenbrandt*, "[t]he existence of the [first] witness was not uncovered by the police[,] and there is nothing in the record to indicate that the failure to discover the witness was unreasonable.  Thus, it can hardly be said that defendant should be charged with a lack of due diligence in finding the witness" (*id.* at 821-822).  Although the information obtained from the second witness was available before trial and thus does not constitute newly discovered evidence, the information obtained from the first witness was not.  That evidence thus meets all of the requisite factors.

While we agree with our dissenting colleague that there are issues concerning the credibility of the first witness and that issues of credibility are best determined by the hearing court (*see People v Britton*, 49 AD3d 893, 894, *lv denied* 10 NY3d 956), we conclude that the testimony of the first witness, when combined with the information obtained from the second witness and the trial testimony of defendant's alibi witness, would probably change the result if a new trial were granted.  As noted above, the identification evidence against defendant was weak, and even the victim initially told the police that he was unable to identify his attacker.  Moreover, during the lengthy deliberations, the jury required an *Allen* charge, which is given only when a jury is deadlocked (*see People v Abston*, 229 AD2d 970, 971, *lv denied* 88 NY2d 1066; *see generally Allen v United States*, 164 US 492, 501-502).  Under the unique circumstances of this case, and given the fact that the first witness, although seemingly

reluctant, in fact agreed to testify against the person she identified as the shooter, we conclude that the court erred in denying defendant's motion.

We reject defendant's contention, however, that he is entitled to dismissal of the indictment on the ground of actual innocence, and we instead conclude that he is entitled to a new trial. Even assuming, arguendo, that a claim of actual innocence is a viable ground for a CPL 440.10 motion, we conclude that defendant failed to establish by clear and convincing evidence that he is actually innocent of the crimes (*see generally People v Hamilton*, 115 AD3d 12, 26).

In light of our determination, we see no need to address defendant's remaining contentions.

All concur except LINDLEY, J., who dissents and votes to affirm in the following Memorandum: I respectfully dissent. Although I agree with the majority that Supreme Court properly rejected defendant's claims of actual innocence and ineffective assistance of counsel, I do not agree that defendant is entitled to a new trial based on newly discovered evidence (*see* CPL 440.10 [1] [g]). According to defendant, the newly discovered evidence is information that he obtained from a witness who submitted an affidavit in which she averred that she saw someone other than defendant commit the shooting (hereafter, first witness). Based on that affidavit, among other evidence, the court granted defendant a hearing, at which the first witness testified consistently with her affidavit.

If the first witness's testimony is accepted as true, then I would agree that defendant would be entitled to a new trial, inasmuch as defendant established that he could not have discovered that witness with due diligence before trial, and the proffered testimony, if believed by the jury, would likely have changed the outcome at the trial (*see generally People v Salemi*, 309 NY 208, 215-216, *cert denied* 350 US 950; *People v Madison*, 106 AD3d 1490, 1492). The hearing court specifically found, however, that the first witness's testimony was not credible. In the context of a CPL 440.10 motion, the credibility determinations of the hearing court, "with its particular advantages of having seen and heard the witnesses," are entitled to "great deference on appeal" (*People v Britton*, 49 AD3d 893, 894, *lv denied* 10 NY3d 956; *see People v Jacobs*, 65 AD3d 594, 595, *lv denied* 13 NY3d 836), and they should not be disturbed "unless clearly erroneous" (*People v Jamison*, 188 AD2d 551, 551, *lv denied* 81 NY2d 841; *see People v Prochilo*, 41 NY2d 759, 761). Based on my review of the record, I see no basis for us to disturb the hearing court's credibility determinations (*see People v Betsch*, 4 AD3d 818, 819, *lv denied* 2 NY3d 796, *reconsideration denied* 3 NY3d 657; *People v Wallace*, 270 AD2d 823, 824, *lv denied* 95 NY2d 806).

In my view, the court had ample reasons for not believing the first witness, who, despite her purported knowledge of the identity of the shooter, did not come forward until more than a year after defendant had been convicted. I note that, when initially asked at the hearing whether she knows another female neighbor who observed the

scene after the shooting and who also submitted an affidavit in support of defendant's motion (hereafter, second witness), the first witness answered, "No, I do not." Upon further questioning, the first witness acknowledged that she knows the second witness but only by her street name. The second witness testified, however, that she spoke to the first witness "[a]lmost every day" when they lived on the same street and, since moving to another apartment, she spoke to the first witness on the telephone "once every other week." In fact, shortly before the hearing, the second witness telephoned the first witness and, during that conversation, the second witness asked the first witness about her children and invited them to a birthday party. It thus strains credulity to believe that the first witness does not know the name of the second witness. In addition, the first witness refused to discuss the matter with an investigator from the District Attorney's office prior to the hearing, and she appeared reluctant to testify before the grand jury against the person she claimed to have seen commit the shooting. She did not even want to disclose who had brought her to the courthouse to testify at the hearing.

Where, as here, a defendant seeks a new trial based on newly discovered evidence in the form of testimony from an eyewitness, the defendant is not entitled to relief unless the hearing court believes that testimony (*see People v Watson*, 152 AD2d 954, 955, *lv denied* 74 NY2d 900). The hearing court, in denying defendant's motion, gave specific and legitimate reasons for not believing the first witness's testimony, and it cannot be said that the court was "clearly erroneous" in that regard (*People v Wilson*, 38 AD3d 1326, *lv denied* 9 NY3d 853). I would thus affirm the court's denial of defendant's CPL 440.10 motion.

Entered:  May 9, 2014                    Frances E. Cafarell
                                         Clerk of the Court