Lindley, J.
(dissenting). I respectfully dissent. Although I agree with the majority that Supreme Court properly rejected defendant’s claims of actual innocence and ineffective assistance of counsel, I do not agree that defendant is entitled to a new trial based on newly discovered evidence (see CPL 440.10 [1] [g]). According to defendant, the newly discovered evidence is information that he obtained from a witness who submitted an affidavit in which she averred that she saw someone other than defendant commit the shooting (hereafter, first witness). Based on that affidavit, among other evidence, the court granted defendant a hearing, at which the first witness testified consistently with her affidavit.
If the first witness’s testimony is accepted as true, then I would agree that defendant would be entitled to a new trial, *1590 inasmuch as defendant established that he could not have discovered that witness with due diligence before trial, and the proffered testimony, if believed by the jury, would likely have changed the outcome at the trial (see generally People v Salemi, 309 NY 208, 215-216 [1955], cert denied 350 US 950 [1956]; People v Madison, 106 AD3d 1490, 1492 [2013]). The hearing court specifically found, however, that the first witness’s testimony was not credible. In the context of a CPL 440.10 motion, the credibility determinations of the hearing court, “with its particular advantages of having seen and heard the witnesses,” are entitled to “great deference on appeal” (People v Britton, 49 AD3d 893, 894 [2008], lv denied 10 NY3d 956 [2008]; see People v Jacobs, 65 AD3d 594, 595 [2009], lv denied 13 NY3d 836 [2009]), and they should not be disturbed “unless clearly erroneous” (People v Jamison, 188 AD2d 551, 551 [1992], lv denied 81 NY2d 841 [1993]; see People v Prochilo, 41 NY2d 759, 761 [1977]). Based on my review of the record, I see no basis for us to disturb the hearing court’s credibility determinations (see People v Betsch, 4 AD3d 818, 819 [2004], lv denied 2 NY3d 796 [2004], lv denied upon reconsideration 3 NY3d 657 [2004]; People v Wallace, 270 AD2d 823, 824 [2000], lv denied 95 NY2d 806 [2000]).
In my view, the court had ample reasons for not believing the first witness, who, despite her purported knowledge of the identity of the shooter, did not come forward until more than a year after defendant had been convicted. I note that, when initially asked at the hearing whether she knows another female neighbor who observed the scene after the shooting and who also submitted an affidavit in support of defendant’s motion (hereafter, second witness), the first witness answered, “No, I do not.” Upon further questioning, the first witness acknowledged that she knows the second witness but only by her street name. The second witness testified, however, that she spoke to the first witness “[a]lmost every day” when they lived on the same street and, since moving to another apartment, she spoke to the first witness on the telephone “once every other week.” In fact, shortly before the hearing, the second witness telephoned the first witness and, during that conversation, the second witness asked the first witness about her children and invited them to a birthday party. It thus strains credulity to believe that the first witness does not know the name of the second witness. In addition, the first witness refused to discuss the matter with an investigator from the District Attorney’s office prior to the hearing, and she appeared reluctant to testify before the grand jury against the person she claimed to have seen commit the shooting. She did not even want to disclose who had brought her to the courthouse to testify at the hearing.
*1591 Where, as here, a defendant seeks a new trial based on newly discovered evidence in the form of testimony from an eyewitness, the defendant is not entitled to relief unless the hearing court believes that testimony (see People v Watson, 152 AD2d 954, 955 [1989], lv denied 74 NY2d 900 [1989]). The hearing court, in denying defendant’s motion, gave specific and legitimate reasons for not believing the first witness’s testimony, and it cannot be said that the court was “clearly erroneous” in that regard (People v Wilson, 38 AD3d 1326 [2007], lv denied 9 NY3d 853 [2007]). I would thus affirm the court’s denial of defendant’s CPL 440.10 motion.
Present—Scudder, PJ., Fahey, Lindley, Valentino and Whalen, JJ.