US 745 [1983]; *People v Stultz*, 2 NY3d 277 [2004]). Rivera, J.P., Balkin, Dickerson and Sgroi, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARNELL EPPS, Appellant. [992 NYS2d 440]—Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated March 27, 2007 (*People v Epps*, 38 AD3d 916 [2007]), affirming an order of the Supreme Court, Kings County, dated August 1, 2005.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see Jones v Barnes*, 463 US 745 [1983]; *People v Stultz*, 2 NY3d 277 [2004]). Rivera, J.P., Balkin, Dickerson and Sgroi, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDY LOPEZ, Appellant. [992 NYS2d 439]—Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Holder, J.), imposed June 20, 2011, on the ground that the sentence was excessive.

Ordered that the sentence is affirmed.

The defendant's valid waiver of his right to appeal precludes review of his contention that the sentence imposed was excessive (*see People v Bradshaw*, 18 NY3d 257, 264-267 [2011]; *People v Lopez*, 6 NY3d 248, 255-256 [2006]). Eng, P.J., Mastro, Dickerson and Miller, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM S. MCDANIEL, Appellant. [993 NYS2d 509]—

Appeals by the defendant (1) from a judgment of the Supreme Court, Kings County (Del Giudice, J.), rendered August 3, 2009, convicting him of rape in the second degree (two counts), rape in the third degree, and criminal sexual act in the second degree, upon a jury verdict, and imposing sentence, and (2), by permission, from an order of the same court dated December 15, 2010, which denied his motion pursuant to CPL 440.10 to vacate the judgment of conviction.

Ordered that the judgment and the order are affirmed.

The Supreme Court properly denied the defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction on the ground that he was deprived of the effective assistance of trial counsel. The evidence presented by the defendant failed to

demonstrate the absence of strategic or other legitimate explanations for counsel's allegedly deficient conduct (*see People v Caban*, 5 NY3d 143, 152 [2005]; *People v Britton*, 49 AD3d 893 [2008]; *People v Jordan*, 44 AD3d 875 [2007]). The evidence, the law, and the circumstances of the case, viewed in totality as of the time of the representation, reveal that trial counsel provided meaningful representation (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Skelos, J.P., Dickerson, Austin and Duffy, JJ., concur.