People v Lundy (2019 NY Slip Op 09139)





People v Lundy


2019 NY Slip Op 09139


Decided on December 20, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, CURRAN, TROUTMAN, AND WINSLOW, JJ.


1036 KA 15-00568

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
QUINCY LUNDY, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KENNETH H. TYLER, JR., OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Thomas J. Miller, J.), rendered November 21, 2014. The judgment convicted defendant, upon a jury verdict, of murder in the second degree and criminal possession of a weapon in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]) and two counts of criminal possession of a weapon in the second degree (§ 265.03 [1] [b]; [3]). In appeal No. 2, defendant appeals by permission of this Court from an order that denied his motion pursuant to CPL 440.10 seeking to vacate the judgment of conviction. We affirm in both appeals.
We reject defendant's contention in appeal No. 1 that County Court abused its discretion in denying his motion to sever his trial from that of his codefendant (see generally CPL 200.40 [1]). Defendant failed to establish good cause for severance inasmuch as he failed to demonstrate "that the core of his codefendant's alibi defense was in irreconcilable conflict with his own defense, and that there was a significant danger that the conflict would lead the jury to infer his guilt" (People Campbell, 118 AD3d 1464, 1466 [4th Dept 2014], lv denied 24 NY3d 959 [2014], reconsideration denied 24 NY3d 1218 [2015]; see People v Cardwell, 78 NY2d 996, 997-998 [1991]).
We further reject defendant's contention in appeal No. 1 that he was deprived of a fair trial based on prosecutorial misconduct during summation. Defendant's contention is largely unpreserved and, in any event, lacks merit. " [T]he prosecutor's closing statement must be evaluated in light of the defense summation, which put into issue the [witnesses'] character and credibility and justified the People's response' " (People v Lundy, 165 AD3d 1626, 1628 [4th Dept 2018], lv denied 32 NY3d 1174 [2019]; see People v Halm, 81 NY2d 819, 821 [1993]). Even assuming, arguendo, that any of the prosecutor's comments during summation exceeded the bounds of propriety, we conclude that they were "not so pervasive or egregious as to deprive defendant of a fair trial" (People v Jackson, 108 AD3d 1079, 1080 [4th Dept 2013], lv denied 22 NY3d 997 [2013] [internal quotation marks omitted]).
Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's further contention in appeal No. 1 that the verdict is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). "[R]esolution of issues of credibility and the weight to be accorded to the evidence are primarily questions to be determined by the jury" (People v Reed, 163 AD3d 1446, 1448-1449 [4th Dept 2018], lv denied 32 NY3d 1067 [2018]; see People v Tuszynski, 120 AD3d 1568, 1568-1569 [4th Dept 2014], lv denied 25 NY3d 954 [2015]), and we perceive no [*2]basis for disturbing the jury's credibility determinations in this case.
Defendant failed to preserve for our review his contention in appeal No. 1 that the photo array from which a witness identified him was unduly suggestive based on defendant's shirt color, thereby tainting that witness's subsequent in-court identification of defendant (see People v Evans, 137 AD3d 1683, 1683 [4th Dept 2016], lv denied 27 NY3d 1131 [2016]). In any event, the contention lacks merit. Although defendant was the only person in the photo array wearing a red shirt, it was "not so distinctive as to be conspicuous, particularly since the other individuals [in the photo array] were dressed in varying, nondescript apparel" (Lundy, 165 AD3d at 1627 [internal quotation marks omitted]; see People v Sullivan, 300 AD2d 689, 690 [3d Dept 2002], lv denied 100 NY2d 587 [2003]).
We also reject defendant's contention in appeal No. 1 that he received ineffective assistance of counsel based on defense counsel's failure to preserve for our review defendant's contentions regarding alleged prosecutorial misconduct and the photo array. As noted above, those contentions lack merit, and thus defense counsel was not ineffective for failing to raise them (see Reed, 163 AD3d at 1448). Furthermore, contrary to defendant's contention in appeal No. 2, the court properly denied defendant's motion pursuant to CPL 440.10 insofar as the motion was based on those allegations of ineffective assistance because there were sufficient record facts to review them on direct appeal (see CPL 440.10 [2] [b]). We have considered defendant's remaining allegations of ineffective assistance of counsel in appeal Nos. 1 and 2, and we conclude that he failed to meet his burden of demonstrating "the absence of strategic or other legitimate explanations" for defense counsel's allegedly deficient conduct (Reed, 163 AD3d at 1448 [internal quotation marks omitted]; see People v Pavone, 26 NY3d 629, 646-647 [2015]).
Finally, we reject defendant's contention in appeal No. 2 that two posttrial affidavits of the surviving victim constitute newly discovered evidence. It is well settled that, in order to establish entitlement to a new trial on the ground of newly discovered evidence, "a defendant must prove that there is newly discovered evidence: (1) which will probably change the result if a new trial is granted; (2) which was discovered since the trial; (3) which could not have been discovered prior to trial; (4) which is material; (5) which is not cumulative; and[] (6) which does not merely impeach or contradict the record evidence" (People v Bryant, 117 AD3d 1586, 1587 [4th Dept 2014] [internal quotation marks omitted]). Here, we conclude that defendant failed to meet his burden inasmuch as the surviving victim's posttrial affidavits would be unlikely to change the result if a new trial were granted, the affidavits merely impeach or contradict the record evidence, and the information therein could have been discovered prior to trial.
Entered: December 20, 2019
Mark W. Bennett
Clerk of the Court