■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES HENDRICKS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered April 30, 1975 (the date on the clerk's extract is July 1, 1975), convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. Defendant contends that he was denied a fair trial because of the misconduct of the prosecutor and the introduction into evidence of unrelated and uncharged crimes. We agree that the defendant's right to a fair trial was abridged and we therefore reverse and order a new trial. The defendant was indicted after a "buy" operation in which he allegedly sold heroin to an undercover police-

woman and a confidential informant. The "buy" operation had been arranged by the police with the help of the informant. The defendant raised the defense of entrapment, claiming that the informant had given him the drugs to sell to the policewoman. After a trial, at which the informant was required to testify, the defendant was convicted of criminal sale of a controlled substance in the third degree. The following are some of the errors and irregularities which occurred during the trial which, together, necessitate a reversal of the judgment. 1. In his opening statement to the jury, the prosecutor claimed that the informant was forced, by the defendant's insistence, to "shoot-up" with heroin in order to save his own and the officer's life. Defense counsel properly objected to this allegation because it indicated an intention to prove a crime not charged in the indictment. 2. The court erroneously allowed introduction of a report which stated that the informant's life was in danger. Allowing any evidence tending to show that the defendant threatened the life of the informant was prejudicial and not relevant to the crimes charged. 3. The prosecutor was precluded from asking any questions relating to a conversation which the policewoman had with the informant about the defendant's use of guns. The prosecutor ignored the trial court's direction and continued to question the policewoman about that conversation. The trial court sustained defense counsel's objection to these questions. The prosecutor then turned to the jury and stated that, since all of the objections to his questions were going to be sustained, he had no further questions. This was a self-serving comment and created the wrong impression for the jury. 4. During his cross-examination, the informant stated that he often went to the defendant's apartment to talk about guns. He was instructed by the trial court not to inject the issue of guns unnecessarily into his testimony. On redirect examination the prosecutor specifically asked him a question which repeated the witness' statement about guns. The prosecutor was accused of misconduct by the trial court for not following its orders and for the venom and lack of impartiality with which he pursued his cases. 5. The prosecutor had been asked to provide an up-to-date conviction report on the informant. At first he provided defense counsel with a report showing three arrests and no dispositions. The prosecutor then asked the witness whether he had ever been convicted. The witness replied that he had not. Subsequently, on cross-examination, he admitted that he had been convicted of a misdemeanor. After the witness had been excused, defense counsel was given a conviction sheet which showed that the informant had been arrested six times and had three convictions, one for a felony. It was the prosecutor's responsibility to ensure that all facts relevant to the informant's character be made available to the defense and that this information be accurate. Since the credibility of the informant was an important factor in the trial, the court directed the prosecutor to provide the witness for further cross-examination. 6. The prosecutor informed the trial court that the District Attorney's office had given the informant money and airplane tickets after he had been excused, and that he believed that the informant was out of the country. Both sides then rested. The following day, defense counsel informed the court that he had located the informant in another part of the courthouse awaiting disposition of a criminal charge. Defense counsel had brought him back to the courtroom and the case was reopened to enable him to cross-examine the witness. During that cross-examination, a bomb scare caused the building to be evacuated. The prosecutor insisted that the informant remain in his custody. When the trial resumed, the informant had disappeared. The fact that the informant was in the custody of the prosecutor made him

responsible for the witness' disappearance, thus raising an inference that the prosecutor did not want the witness to testify further. One of the constitutional requisites of a fair trial is that the accused be given the opportunity to fully cross-examine all witnesses against him; a prosecutor has an obligation to ensure that an accused has a fair trial. The prosecutor, by his conduct, failed in this obligation. It is the prosecution's contention that the errors committed were harmless. A criminal trial error is harmless if competent evidence furnishes overwhelming proof of defendant's guilt and there exists no significant probability that defendant would have been acquitted had the error not occurred *(People v Crimmins,* 36 NY2d 230). In the case at bar the proof of defendant's guilt was not overwhelming; the errors of reference to other crimes could easily have influenced the jury in its deliberations. In addition, an appellate court has the duty to safeguard the public from overzealous prosecutors. " 'The State has no interest in interposing any obstacle to the disclosure of the facts, unless it is interested in convicting accused parties on the testimony of untrustworthy persons' " *(People v Walsh,* 262 NY 140, 150). Any information which the prosecutor had regarding the record of the informant should have been promptly given to defense counsel. The informant was in the custody of the prosecutor; it was his responsibility to make certain that the witness was present at all times for complete cross-examination. Where an appellate court concludes "that there has been such error of a trial court, such misconduct of a prosecutor, such inadequacy of defense counsel, or such other wrong as to have operated to deny any individual defendant his fundamental right to a fair trial, the reviewing court must reverse the conviction or grant a new trial, quite without regard to any evaluation as to whether the errors contributed to the defendant's conviction" *(People v Crimmins,* 36 NY2d 230, 238, *supra).* It is evident from the facts of this case that the defendant was denied his right to a fair trial. Latham, Acting P. J., Margett, Suozzi and Mollen, JJ., concur.