THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RAYMOND BARRERAS, Respondent. — Appeal by the People from an order of the County Court, Westchester County (Maas, J.), dated November 20, 1981, which granted defendant's motion, pursuant to CPL 330.30, to set aside the jury verdict, convicting him of burglary in the second degree and grand larceny in the second degree, and dismissed the charges against him. Order modified, on the law, by deleting therefrom the provision which dismissed counts four and five of Indictment No. 80-00315-02, charging defendant with burglary in the second degree and grand larceny in the second degree, said counts reinstated, and new trial ordered on those counts. As so modified, order affirmed. The suppression by the prosecution of material evidence provided by a missing witness to the prosecutor during the progress of defendant's trial was clearly a violation of the prosecutor's duty of disclosure (*United States v Agurs,* 427 US 97). The testimony of this witness, who delivered the property taken at the time of the burglary and grand larceny to a "fence", would have contradicted the testimony of a prosecution witness that the missing witness obtained the property from the defendant. Such nondisclosure was sufficiently significant to result in the denial of defendant's right to a fair trial (see *People v Hendricks,* 56 AD2d 893). While we agree with the trial court that the evidence provided by the missing witness was "of such character as to create a probability that had such evidence been received at the trial the verdict would have been more favorable to the defendant" (see CPL 330.30, subd 3), the trial evidence against defendant was legally sufficient (see CPL 70.20). Consequently, the proper

remedy in this instance is to order a new trial (see CPL 330.50, subd 3). Titone, J. P., Gulotta, Weinstein and Bracken, JJ., concur.