■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN CASTRO, Appellant.—Order, Supreme Court, Bronx County (Ivan Warner, J.), entered on or about March 4, 1988, denying defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of, *inter alia,* murder in the second degree (two counts), for which he was sentenced to concurrent indeterminate terms of 25 years to life, unanimously reversed, on the law and on the facts, and the motion granted to the extent of remanding the matter for an evidentiary hearing.

Defense counsel's affirmation in support of the motion to vacate the judgment of conviction (CPL 440.10) asserted that, upon review of the prior proceedings, documents and transcripts, "material information" had been "purposely withheld" from defendant and his trial counsel. Counsel further alleged that "misrepresentation regarding such material information [had been] purposely engaged in by law enforcement officials and tacitly acquiesced in by the prosecutor * * * and by counsel for * * * the co-defendant who was tried with [defendant]." Amplifying these accusations, counsel explained that during the *Wade* hearing the investigating officer testified that defendant had been arrested solely on the basis of information provided by a confidential informant. When pressed on the issue, the officer testified that the informant had been an observer, not a participant in the crime. When the officer was asked by defendant's attorney to identify the informant, the prosecutor objected and the court prevented further inquiry. Counsel for the codefendant was present and participated in the proceeding. At the conclusion of the pretrial hearing defendant proceeded to trial together with his codefendant, totally unaware of the identity of the confidential informant whose tip had led the police to defendant. Defendant was convicted and his conviction was ultimately affirmed by this court (107 AD2d 1092).

Almost two years later, defendant's present attorney, while reviewing the transcript of the codefendant's sentencing, found a statement by the prosecutor and the codefendant's attorney to the effect that the codefendant had, in fact, been

the source of the information which led to defendant's arrest. It was also disclosed during this proceeding that the codefendant's counsel had been utilized as the conduit to pass that information to the prosecutor. In a colloquy, the prosecutor acknowledged that he had been made aware of the information. Apparently, the codefendant's attorney made available to the court a confidential police report covering the situation. In concluding his presentation on this point in support of the motion to vacate, defendant's counsel argued that had defendant and his trial attorney been aware of the codefendant's cooperation with the prosecution they would have pressed for a severance and separate trial. In opposing the motion the People argued, *inter alia,* that the moving papers were inadequate and that sufficient facts had appeared in the record to permit adequate review of the issue on direct appeal. The trial court denied the motion without affording defendant a hearing and without setting forth its findings and reasons, as required (CPL 440.30 [7]). We reverse the order denying the motion and remand for an evidentiary hearing on the issue.

On the papers submitted, more than sufficient was alleged to warrant a hearing. The identity of the confidential informant, i.e., the codefendant or his trial attorney, certainly would have played a significant role in a decision whether to seek a separate trial. Missing from this record, however, is any hint as to whether defendant's trial attorney knew of or surmised the confidential informant's identity and, if undisclosed, whether that prevented his deployment of a specified trial strategy. Nor do the motion papers allege any conflicting trial strategy which could have been utilized. These, of course, are matters which would be defendant's burden to prove at the hearing. *(See,* CPL 440.30 [6].)

Although not requested, we have considered the remedy of summary reversal in light of the serious nature of the demonstrable allegations, but believe a remand for a hearing to be the preferable course. There is no support for the allegation that the codefendant was a "spy" for the prosecution. Insofar as this record discloses, his cooperation was limited to "fingering" defendant. The codefendant maintained his innocence even to the time of sentence. Nor, at this juncture, can we conclude that the prosecutor knowingly used perjured testimony on a material point. *(See, People v Washington,* 51 NY2d 214, 221; *People v Robertson,* 12 NY2d 355, 357.)* Concur —Sullivan, J. P., Carro, Milonas, Ellerin and Smith, JJ.