■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL A. LARRABEE, Appellant. [607 NYS2d 769] —Judgment unanimously affirmed. Memorandum: On defendant's appeal from the conviction of attempted murder in the second degree, robbery in the second degree, assault in the third degree and conspiracy in the second degree, we conclude that the record does not permit intelligent review of defendant's contention that the court violated CPL 310.30. The record does not indicate whether the court apprised defense counsel of the contents of the jurors' note as required by statute and by *People v O'Rama* (78 NY2d 270), or whether defendant and his counsel were present when the court reinstructed the jury. Because it is appellant's burden to present a clear factual record for review (see, e.g., *People v Kinchen,* 60 NY2d 772, 774; *People v Olivo,* 52 NY2d 309, 320), and because the record is insufficient to allow us to determine whether the claimed error occurred (see, *People v Cheney,* 178 AD2d 1007, *lv denied* 79 NY2d 945), we cannot review defendant's claim of error. Defendant is relegated to a motion for postjudgment relief pursuant to CPL 440.10 (1) (f) (see, *People v Backus,* 184 AD2d 231, *lv denied* 80 NY2d 926).

The alternate juror was not guilty of "misconduct of a

substantial nature" warranting his discharge by the court (CPL 270.35), nor did the court err in refusing to discharge a juror who knew a witness. The juror unequivocally stated that he was a mere passing acquaintance of the witness and could remain impartial. The juror was not "grossly unqualified to serve in the case" (CPL 270.35).

The Trial Judge did not err in refusing to recuse himself *(see, People v Bennett,* 14 NY2d 851; *People v Rosato,* 193 AD2d 1052). The court did not abuse its discretion in permitting the People to inquire into defendant's prior convictions for burglary, petit larceny and criminal possession of stolen property, notwithstanding the similarity of those crimes to some of the counts in this case *(see, People v Pavao,* 59 NY2d 282, 292; *People v Sandoval,* 34 NY2d 371, 377). Additionally, the court did not err in allowing the People to refresh a witness' recollection with the witness' prior statement *(see,* Richardson, Evidence § 465 [Prince 10th ed], citing *Howard v McDonough,* 77 NY 592, 593).

Finally, we conclude that the evidence is sufficient to support defendant's conviction for attempted murder, and that the jury's verdict is not against the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490, 495). That defendant intended to kill the victim was established by proof of his own statements during and after the crime. The fact that the proof did not show who pushed the victim off the bridge is of no moment; it is sufficient that the evidence showed that defendant and his accomplice were acting in concert. We reject defendant's contention that there was no proof that the fall from the bridge could have killed the victim. The jury reasonably could have inferred that a 40-foot drop into deep, fast-moving water can be fatal. In any event, the test is whether defendant, acting with intent to kill, engaged in conduct tending to effect the commission of murder (Penal Law § 110.00). Attempt is established by conduct " 'carry[ing] the project forward within dangerous proximity to the criminal end to be attained' " *(People v Bracey,* 41 NY2d 296, 300). The "act need not be 'the final one towards the commission of the offense' " *(People v Bracey, supra,* at 300, quoting *People v Sullivan,* 173 NY 122, 133). (Appeal from Judgment of Jefferson County Court, Clary, J.—Attempted Murder, 2nd Degree.) Present—Denman, P. J., Green, Balio, Lawton and Boehm, JJ.