OPINION OF THE COURT
John M. Leventhal, J.
The defendant, Carlos Ramos, was charged in a 15-count indictment of sodomy in the first degree (4 counts), sexual *516 abuse in the first degree (4 counts), sodomy in the second degree (3 counts), sexual abuse in the second degree (3 counts), and endangering the welfare of a child.
The indictment alleged various instances of sodomy and/or sexual abuse by defendant to his then 10-year-old stepson occurring over three spans of time, namely February 1994 (counts 1-4), April 1994 (counts 5-8), June 1994 (counts 9-12), and on one particular date, August 24, 1994 (counts 13 and 14).[1] After a jury trial, defendant was convicted of those counts relating to June 1994.[2]
Defendant moves to set aside the verdict pursuant to CPL 330.30 on the grounds, inter alia, of newly discovered evidence and prosecutorial misconduct.[3] Oral argument and a partial hearing on the prosecutorial misconduct issue was held on May 25, 1995.
At the trial, the defendant was informed by the People immediately prior to the testimony of the defendant’s infant stepson that one of the two incidents occurring in February 1994 was on Presidents’ Day. The court took judicial notice that in 1994 Presidents’ Day was on February 21, a Monday. The defendant produced his "time charts” into evidence as alibi evidence. The time charts revealed that defendant was working from 6:00 a.m. to 2:30 p.m. on Presidents’ Day in 1994. As was previously indicated, the defendant, a lieutenant in EMS, was acquitted of the counts relating to any crime alleged to have occurred in February 1994 and particularly on Presidents’ Day. Also immediately prior to the testimony of the defendant’s stepson, the defendant was informed by the People that the alleged sexual abuse and/or sodomy of June 1994 took place on an undated "graduation day.” The infant witness further related that on that day relatives were present for a party at school after which they all returned to the apartment where the defendant and the complaining witness lived. It was there that the criminal acts allegedly occurred.
At trial, defendant attempted to show that the infant complaining witness had not in fact graduated from the *517 elementary school, but rather was merely promoted, since he was held back the year before in the fourth grade. There was no evidence offered by the People to corroborate the testimony of the infant witness about the graduation or promotion party. In fact, the infant’s mother as well as the defendant testified to the contrary, i.e., there was no party in June commemorating the child’s promotion. During cross-examination, the infant complaining witness testified that the promotion party was "on the last day of school.”
The defendant has now ascertained through the child’s school records and an affidavit by the principal that defendant’s stepson was promoted on June 28, 1994, a Tuesday, the last day of school. The defendant’s time charts and his supervisor’s detailed time records of defendant’s workday indicate that the defendant was working on June 28, starting at 6:00 a.m. and ending at 5:30 p.m. In addition, it is clear from the child’s attendance record that he was absent from school on June 1, 6, 20, 23, 24, 27, and 28. The principal of the elementary school that the infant witness attended knew of no date other than June 28, 1994 that could have been designated as "Promotion Day.” The principal further stated in his affidavit that there was no promotion party where parents attended.
The defendant’s counsel informs the court by way of affirmation that Sonia Ramos, the mother of the infant complaining witness and wife of the defendant, reported that her son was staying outside of the home with the natural father’s family during the last week of school. The court notes that Sonia Ramos was represented by counsel in a related Family Court proceeding wherein defendant was a corespondent. One of the charges in the petition was that Sonia Ramos failed to testify and to cooperate in the instant criminal prosecution of her husband. Thus, it was practically difficult if not ethically impossible for defendant’s counsel to ascertain any pertinent facts from Sonia Ramos relating to an issue not yet disclosed. (Code of Professional Responsibility DR 7-104.) The People argue that the fact that the infant complaining witness was not in attendance during the last week of school, but was with his natural father’s relatives is not pertinent as the promotion date was or may have been the child’s last day attending school, not the last day of the school term. This argument, however, is not very helpful to the People’s position. The employment records for the defendant reveal that defendant worked from 6:00 a.m. to 2:00 p.m. on June 22, the last day that the infant complaining witness attended school during the 1993-1994 academic *518 year. The principal indicates that there was a "graduation ceremony” on June 24,1994[4] for the fifth grade only which was conducted without the presence of parents or friends of the children. The principal further states that there were "no functions, parties or ceremonies which were attended by family or friends of the students in the fourth grade.” There was one other "promotion ceremony” in the school for kindergarten classes only.
The indictment failed to give specific dates for the acts charged, but provided in pertinent part that the illegal acts occurred "on or about and between June 1, 1994 and June 30, 1994”. The notice requirements of the State and Federal Constitutions are not violated when the date provided for the crime alleged is described as a span of time not so excessive as to be unreasonable. (People v Morris, 61 NY2d 290, 295; US Const 6th Amend; NY Const, art I, § 6.) Implicit in this analysis is that the People are unable to allege a more particular date and time. (People v Morris, 61 NY2d, at 296, supra.)
The defendant charges that the People knew of or should have been aware of a more particular date and time of the June allegations but withheld this information without good cause. Ordinarily such a claim should be brought in a pretrial motion to dismiss an indictment. (See, CPL 210.45 [3]; Franks v Delaware, 438 US 154.) Yet, when appropriate, a hearing may be held during or after trial regarding a prosecutor’s failure to disclose information material to the defense or required to be part of an accusatory instrument. (People v Castro, 147 AD2d 410 [hearing ordered to determine whether material information had been purposely withheld from defendant and trial counsel by prosecution]; People v Olmo, 153 AD2d 544.) At the hearing on this issue, the trial Assistant District Attorney represented to the court that she did not know that the complaining witness would name promotion /graduation day as the June date of the sexual abuse until immediately prior to the child’s trial testimony. Moreover, the trial Assistant thought that she was the only prosecutor to personally interview the infant complainant for trial. The court credits these representations as being given in good faith. The court does not need to reach this issue for reasons stated below. An examination of the court file reveals however that at least two prosecutors other than the trial Assistant interviewed the infant witness at some time period earlier than the trial. If the court were to determine this question of alleged prosecutorial *519 misconduct, then a further hearing would be necessary with the three prosecutors as well as the infant participating as witnesses.
In a motion pursuant to CPL 330.30 (3), the burden of proof is on the defendant to demonstrate by a preponderance of credible evidence that the new evidence had been discovered since the trial, that it could not have been produced by defendant at trial even with due diligence, and that it was of such character to create a probability that had such evidence been received at trial, the verdict would have been more favorable to the defendant. (People v Salemi, 309 NY 209, 215-216; People v Latella, 112 AD2d 321; People v Wadley, 108 AD2d 943; People v Rivera, 108 AD2d 829; People v Barreras, 92 AD2d 871.)
In deciding a motion to set aside a criminal verdict, the trial court is required to assume that the jury credited the People’s witnesses and thus must view the facts in a light most favorable to the prosecution. (People v Woods, 99 AD2d 556.) Moreover, alibi evidence cannot ordinarily form the basis for a new trial on the grounds of newly discovered evidence. (People v Giordano, 144 Misc 108, 110, affd 259 NY 545; People v Swanston, 13 Misc 2d 837, 840.) Yet, in deciding whether a new trial should be granted, the trial court must review the evidence adduced under the due process doctrine. (People v Carter, 58 Misc 2d 548, affd 35 AD2d 1082, affd 30 NY2d 279.)
It is clear that up to and including the time that the infant stepson complaining witness testified, the defendant was not apprised of any particular date, nor given an identification of a special event that might have led to a particular date in June 1994 for the occurrence of the crime. The defendant was prepared to the extent that he secured his own time records. However, the first time that the complaining witness specified an undated promotion or graduation day as the date of the alleged criminal occurrence was at trial. Defendant was not forewarned that the date of the June incident would be provided in the context of the infant complaining witness’s school schedule. The sole identifying source was a promotion or graduation day which was thought to be the last day of school or as the prosecutor argues the child’s last attendance day. At trial, no date was provided for promotion or graduation day or even the last day of school by either the infant witness or the prosecutor.
If the defendant had known days prior to trial that the alleged sexual abuse in question occurred on an undated "graduation day” or even on the "last” day of school, then defendant *520 would have been on notice that his stepson’s attendance record at school was material to his defense and in particular to an alibi defense. However, this was simply not the case. The prosecution’s response is merely that the absences of the child from school on June 23, 24, 27 and 28 are not relevant because the promotion date that the infant was referring to in his testimony was his last day of school, namely June 22, 1994. Yet, as mentioned above, this argument does not bolster the People’s position as defendant’s work records reveal that he worked at EMS from 6:00 a.m. to 2:00 p.m. on Monday, June 22, 1994.
The defendant’s time charts, when juxtaposed with the complaining witness’s trial testimony relating to an incident of sexual abuse alleged to have occurred on February 21, 1994, Presidents’ Day, provided the defendant with credible alibi evidence resulting in an acquittal on all counts relating to that day. The defendant’s time charts were not " 'ambiguous, and of only speculative value.’ ” (People v Smith, 63 NY2d 41, 66.) Had a precise date been attributed at trial to either promotion/ graduation day and/or the last day of school or the last day that the victim attended school, then defendant’s request that the June time charts be charged as alibi evidence would have been granted provided that the defendant had been working on that particular date. Yet, defendant’s alibi request as to the June incident was denied. Thus, defendant was in effect penalized twice for the prosecutor’s failure, and the defendant’s inability due to that failure, to match up a particular date to either promotion day or the last day of school. One may argue that the People at the point of the specification of an identifiable event may have been under some duty to provide a date or to list probable dates. (See, CPL 200.50 [6].) While not reaching whether such a duty existed, fundamental fairness and due process require that the defendant be granted a new trial.
"Generally, impeaching or contradictory evidence will not support a motion for a new trial (People v Salemi, 309 NY 208 [1955]). However, this rule is not absolute. (Napue v Illinois, 360 US 264 [1959] [evidence, which controverted crucial prosecution witness’ trial testimony that he had not been offered favorable consideration in return for his testimony, held sufficient to warrant a new trial]; People v Maynard, 80 Misc 2d 279, 287-288 [Sup Ct, NY County 1974] [evidence of an eyewitness’ psychiatric history and sexual degeneracy held sufficient to justify a new trial]; cf., People v Watson [111 AD2d 888].)” (People v Ramos, 132 Misc 2d 609, 612-613.)
*521 Here, the central issue in the trial was credibility, namely the contest of credibility between the infant complaining witness and the defendant. (See, People v Marzed, 161 Misc 2d 309.) When the defendant presented the same alibi evidence, i.e., the time charts, for the date of another alleged incident, namely, February 21, 1994 (Presidents’ Day), the jury acquitted the defendant. Here, the evidence pertaining to the identification of the promotion / graduation day together with the defendant’s time charts is more than impeachment material, it is potentially exculpatory material that has been shown to have "altered the entire texture and focus of the case” as related to other counts of the same indictment for a different date. (See, People v Ramos, 132 Misc 2d, at 613, supra.)
Further, the indictment as supplemented by the original bill of particulars provided that the incidents of sodomy and sexual abuse took place about once a week between January 1, 1994 and May 1, 1994 and on August 24, 1994.[5] Justice Ferdinand who decided the pretrial motion found that the frequency of the acts alleged in the bill of particulars was not supported by the Grand Jury testimony and that it incorrectly set forth a continuous course of conduct during a five-month period. Citing People v Beauchamp (74 NY2d 639, 640-641) the court held that the bill of particulars did not conform to the indictment and failed to specify the sodomy and sexual abuse acts in a way so as to insure that the charges as framed by the bill are not rendered duplicitous. (See, CPL 200.30, 200.50 [3].) The People were directed to provide an amended bill of particulars by February 7, 1995 that charged two separate offenses within each of the designated time periods and which clearly set forth whether the acts occurred on the same or different dates within those time frames. Justice Ferdinand also directed that the amended bill of particulars conform to the separately identified time frames (Feb., Apr. and June 1994) specified in the indictment because the time interval provided in the original bill of particulars was so large as to hamper the defendant’s preparation of a defense. (See, People v Beauchamp, 74 NY2d, at 641, supra.)
The "amended bill of particulars”,[6] in pertinent part, failed to conform with Justice Ferdinand’s directive in that it alleged that two acts of sodomy and abuse occurred once a week during June 1994. When the case was set for jury selection, *522 defendant’s trial counsel first alerted this court that he received no amended bill of particulars. As there was an "amended” bill of particulars in the court file, albeit sans affidavit of service upon defense counsel, it was assumed that defense counsel may have misfiled the same in his office. Defense counsel now reaffirms that he never received service of the amended bill of particulars. This court will not now rule on whether the defendant waived his right to proceed to trial without a properly amended bill of particulars conforming with the ruling of a Judge of concurrent jurisdiction. It is clear, however, that the People’s failure to comply with Justice Ferdinand’s directive[7] coupled with the last minute providing of the promotion/graduation day or "last” day of school as the day of occurrence of the alleged sexual abuse and sodomy, severely interfered with defendant’s ability to adequately prepare a defense and amounted to a denial of due process. (People v Keindl, 68 NY2d 410, 416; People v Iannone, 45 NY2d 589, 594.) There is a distinct and demonstrative probability that had the defendant possessed information that the criminal act complained of was alleged to have occurred on a particular day, i.e., graduation day, promotion day, he would have been able to correlate the event to a specific school day and to his work schedule. No further hearing is necessary as the People, although given an opportunity to do so, did not provide any affidavits that contradicted the principal’s affidavit. (See, CPL 330.40 [2].)
The court holds that under the facts and circumstances herein, the infant’s school attendance records constitute newly discovered evidence which could not have been produced at trial with due diligence. This evidence is not merely impeachment material.[8] Furthermore, this evidence is of such character as to create a probability that had such evidence been received at trial, the verdict would have been more favorable to the de *523 fendant. Thus, a new trial is ordered on counts 9 through 12 as well as count 15.
The defendant’s motion to set aside the verdict as legally insufficient is denied. That part of defendant’s motion seeking to set aside the guilty verdict on the grounds that said verdict was against the weight of evidence is similarly denied. This court does not possess the inherent or statutory power to set aside a verdict on this ground. (People v Carter, 63 NY2d 530.) The court for reasons stated above does not need to reach the prosecutorial misconduct issue.

. Count 15 charges the defendant with the misdemeanor of endangering the welfare of a child between February 1 and April 24, 1994.

. Defendant was also convicted of the misdemeanor, count 15.

. The defendant also seeks a new trial based on the court’s failure to provide an alibi charge upon request based on defendant’s time charts for the June charges.

. The defendant’s stepson was absent from school on June 24, 1994.

. See decision in court file dated January 23, 1995.

. Dated January 30, 1995 and captioned answer to omnibus motion and cross motion for reciprocal discovery.

. At the trial of defendant, there is no need to provide an amended bill of particulars as to incidents other than those occurring in June 1994 as defendant was acquitted of all counts relating to other time periods. However, if the People are able to better particularize the date of promotion/ graduation day or the date of the alleged acts, they are under a continuing obligation to do so per Justice Ferdinand’s order and under Brady v Maryland (373 US 83; see also, Code of Professional Responsibility DR 7-103 [B]).

. Compare, People v Ramos (132 Misc 2d 609, supra) and People v Marzed (161 Misc 2d 309, supra), with People v Walker (116 AD2d 948, 952 [it is within court’s discretion to deny motion to set aside verdict where evidence proffered by defendant "only tends to impeach or to discredit prior testimony” and there was a great deal of additional evidence of defendant’s guilt]).