■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY ROBERTSON, Appellant. [630 NYS2d 438] —Judgment

unanimously modified on the law and as modified affirmed in accordance with the following Memorandum: The trial court properly discharged two sworn jurors pursuant to CPL 270.35. It is apparent from the record that the court determined that juror No. 1 was both unavailable for continued service and that he had "engaged in misconduct of a substantial nature" by failing to answer truthfully the questions put to him under oath (CPL 270.35). The other juror was discharged because he engaged in misconduct of a substantial nature by ignoring the court's admonition not to discuss the case (*see, People v Fox*, 172 AD2d 218, 219-220, *lv denied* 78 NY2d 966) and because he expressed actual bias against a prosecution witness (*see, People v Buford*, 69 NY2d 290, 298).

We cannot determine from the record whether defense counsel was provided an opportunity to be heard before the court responded to the jury's requests for further instructions (*see, People v Larrabee*, 201 AD2d 924, *lv denied* 83 NY2d 855). Thus, we cannot review on direct appeal defendant's contention that the court erred in excluding defense counsel from the process of formulating supplementary jury instructions (*see, People v Larrabee, supra*).

The court properly denied the motion to suppress defendant's statements to the police as the product of a warrantless entry into defendant's home (*see, Payton v New York*, 445 US 573) or an arrest not supported by probable cause (*see, Dunaway v New York*, 442 US 200). The record supports the court's determination that defendant and his mother consented to the police entry into the home (*see, People v Long*, 124 AD2d 1016) and that defendant also consented to accompany the officers to the police station (*see, People v Vogler*, 201 AD2d 890, *lv denied* 83 NY2d 916).

We agree with the contention of defendant, however, that counts 5, 6, 12 and 13 of the indictment must be dismissed as lesser inclusory concurrent counts. The People concede that those counts are lesser inclusory concurrent counts of counts 2, 3, 7 and 8 of the indictment, but contend that defendant failed to preserve the issue. Preservation, however, is not required, and we may review the issue as a matter of law despite defendant's failure to raise it in the trial court (*see, People v Lee*, 39 NY2d 388; *People v Mitchell*, 216 AD2d 863). We modify the judgment, therefore, by reversing defendant's conviction under counts 5, 6, 12 and 13 of the indictment, vacating the sentences imposed thereon and dismissing those counts.

Defendant's contention that the court improperly rushed the jury to a verdict is not preserved for our review (*see,* CPL 470.05

[2]), and we decline to address the issue as a matter of discretion in the interest of justice (*see*, CPL 470.15 [6] [a]). The sentence imposed is not unduly harsh or severe. We have examined defendant's remaining contention and conclude that it is lacking in merit. (Appeal from Judgment of Supreme Court, Erie County, Kubiniec, J.—Murder, 2nd Degree.) Present—Green, J. P., Lawton, Wesley, Davis and Boehm, JJ.