THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARVIN DYE JR., Appellant. [911 NYS2d 538]—

Appeal from a judgment of the Niagara County Court (Peter L. Broderick, Sr., J.), rendered October 14, 2004. The judgment convicted defendant, upon a jury verdict, of rape in the first degree (two counts), unlawful imprisonment in the second degree (two counts) and sexual abuse in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of two counts each of rape in the first degree (Penal Law § 130.35 [1], [4]) and unlawful imprisonment

in the second degree (§ 135.05), and one count of sexual abuse in the first degree (§ 130.65 [1]). Contrary to defendant's contention, the evidence is legally sufficient to support the conviction of two counts of unlawful imprisonment (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Defendant failed to preserve for our review his contention that the conviction of two counts of rape and one count of sexual abuse is not supported by legally sufficient evidence because he made only a general motion for a trial order of dismissal with respect to those counts (*see People v Hawkins*, 11 NY3d 484, 492 [2008]; *People v Gray*, 86 NY2d 10, 19 [1995]). Furthermore, viewing the evidence in light of the elements of the crimes of which defendant was convicted, as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

Contrary to the further contentions of defendant, we conclude that County Court did not abuse its discretion in denying his request for a missing witness charge (*see generally People v Savinon*, 100 NY2d 192, 196-197 [2003]; *People v Gonzalez*, 68 NY2d 424, 427-428 [1986]), and in refusing to allow defendant "to 'introduce extrinsic evidence on a collateral matter solely to impeach credibility' " by presenting the testimony of a proposed defense witness (*People v Simmons*, 21 AD3d 1275 [2005], *lv denied* 6 NY3d 781 [2006], quoting *People v Alvino*, 71 NY2d 233, 247 [1987]). The record is insufficient to enable us to review the contention of defendant that he was denied his right to counsel (*see People v Kinchen*, 60 NY2d 772, 773-774 [1983]; *People v Brown*, 286 AD2d 960, 961 [2001], *lv denied* 97 NY2d 679 [2001]), and thus the proper procedural vehicle for raising that contention is by way of a motion pursuant to CPL article 440 (*see People v Larrabee*, 201 AD2d 924 [1994], *lv denied* 83 NY2d 855 [1994]). Defendant did not preserve for our review his contention that an instruction delivered by the court during jury selection deprived him of his rights to due process and a fair trial (*see* CPL 470.05 [2]), and we decline to exercise our power to address that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Finally, the sentence is not unduly harsh or severe. Present—Smith, J.P., Fahey, Lindley, Sconiers and Gorski, JJ.