# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

389

KA 11-00313

PRESENT: SMITH, J.P., FAHEY, PERADOTTO, LINDLEY, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

ALONZO MADISON, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

THOMAS E. ANDRUSCHAT, EAST AURORA, FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Erie County (Deborah A. Haendiges, J.), rendered February 10, 2011. The judgment convicted defendant, upon a nonjury verdict, of criminal contempt in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law and a new trial is granted.

Memorandum: In appeal Nos. 1 and 2, defendant appeals from separate judgments each convicting him upon a nonjury verdict of criminal contempt in the second degree (Penal Law § 215.50 [3]). In appeal No. 3, defendant appeals from a judgment convicting him upon a nonjury verdict of assault in the third degree (§ 120.00 [1]) and harassment in the second degree (§ 240.26 [1]). With respect to all three appeals, defendant failed to preserve for our review his contention that the evidence is legally insufficient to support his conviction. At the close of the People's case, defendant moved to dismiss the assault count, but did not raise the specific grounds advanced on appeal (*see People v Gray*, 86 NY2d 10, 19; *People v Beard*, 100 AD3d 1508, 1509), and he failed to make any motion regarding the criminal contempt or harassment counts (*see People v Prescott*, 286 AD2d 898, 898, *lv denied* 97 NY2d 686). Further, defendant did not renew his motion for a trial order of dismissal after presenting proof (*see People v Hines*, 97 NY2d 56, 61, *rearg denied* 97 NY2d 678; *People v Youngs*, 101 AD3d 1589, 1590). In any event, we conclude that "viewing the facts in a light most favorable to the People, there is a valid line of reasoning and permissible inferences from which [Supreme Court] could have found the elements of the crime[s] proved beyond a reasonable doubt" (*People v Danielson*, 9 NY3d 342, 349 [internal quotation marks omitted]).

We reject defendant's contention in all three appeals that

counsel was ineffective because he failed to object to leading questions, to the introduction of prejudicial photographs, or to hearsay testimony, and because he permitted the introduction of uncertified medical records. Contrary to defendant's contention, the medical records were in fact certified and the photographs of the victim's injuries were properly admitted in evidence because they were relevant to the physical injury element of the assault count, corroborated the victim's testimony, and illustrated the medical records (*see People v Dogan*, 170 AD2d 955, 955, *lv denied* 78 NY2d 965; *see also People v Pobliner*, 32 NY2d 356, 369, *rearg denied*, 33 NY2d 657, *cert denied* 416 US 905; *People v Brakefield*, 156 AD2d 1004, *lv denied* 75 NY2d 917). With respect to defense counsel's failure to object to leading questions or to hearsay testimony, defendant did not "meet his burden of establishing the absence of any legitimate explanations for" that failure (*People v Morrison*, 48 AD3d 1044, 1045, *lv denied* 10 NY3d 867; *see People v Benevento*, 91 NY2d 708, 712-713), particularly in the context of this nonjury trial (*see generally People v Howard*, 101 AD3d 1749, 1750-1751; *People v Kolon*, 37 AD3d 340, 342, *lv denied* 8 NY3d 947; *People v Stephens*, 254 AD2d 105, 105, *lv denied* 93 NY2d 879).

Contrary to the further contention of defendant in all three appeals, the People did not violate *Brady* or CPL article 240 with respect to the disclosure of certain telephone records. The telephone records do not fall within any of the enumerated categories of property to which a defendant is entitled pursuant to CPL 240.20 (1) and, in any event, the People provided those records to defendant prior to trial, and defense counsel utilized them in cross-examining the victim. Thus, defendant "failed to establish that he suffered any actual prejudice from the late disclosure" (*People v Jacobson*, 60 AD3d 1326, 1328, *lv denied* 12 NY3d 916). Further, contrary to defendant's apparent contention, the People had no duty to obtain the subscriber information on defendant's behalf (*see People v Hayes*, 17 NY3d 46, 51-52, *cert denied* ___ US___, 132 S Ct 844).

We agree with defendant's contention in appeal Nos. 1 and 2, however, that the court should have granted that part of his CPL 330.30 motion seeking to set aside the verdict with respect to the criminal contempt convictions, and that he is entitled to a new trial on those counts. To set aside a verdict pursuant to CPL 330.30 (3), a defendant must prove that "there is newly discovered evidence: (1) which will probably change the result if a new trial is granted; (2) which was discovered since the trial; (3) which could not have been discovered prior to trial; (4) which is material; (5) which is not cumulative; and, (6) which does not merely impeach or contradict the record evidence" (*People v Wainwright*, 285 AD2d 358, 360; *see People v Salemi*, 309 NY 208, 215-216, *cert denied* 350 US 950; *People v McCullough*, 275 AD2d 1018, 1019, *lv denied* 95 NY2d 936).

Here, the newly discovered evidence consists of subscriber information for two prepaid cell phone numbers, and call records from another telephone number. Those telephone numbers are material because they appear in the victim's telephone records at the times that defendant allegedly called her in violation of the orders of

protection.  The victim testified at trial that she did not recognize two of the telephone numbers in her telephone records during the relevant times.  After the trial, defendant determined that the numbers both belonged to the victim's close friend, who had also accused defendant of harassment.  Other incoming telephone numbers that appeared in the victim's telephone records during the times that defendant allegedly called her belonged to the victim's son and another alleged friend of the victim.  We conclude that the evidence that the purported telephone calls from defendant were actually made from numbers registered to individuals associated with the victim "create[d] a probability that had such evidence been received at the trial the verdict would have been more favorable to the defendant" (CPL 330.30 [3]; *see People v Barreras*, 92 AD2d 871, 871; *People v Ramos*, 166 Misc 2d 515, 522-523, *affd* 232 AD2d 583).  The evidence is not cumulative and, contrary to the contention of the People, does not "merely impeach or contradict the record evidence" (*Wainwright*, 285 AD2d at 360; *cf. People v White*, 272 AD2d 872, 872-873, *lv denied* 95 NY2d 859).  Rather, the evidence suggests that the victim's testimony, which is the only evidence supporting the criminal contempt convictions, may have been fabricated or, at the very least, mistaken.

The question thus becomes whether defendant could have discovered the material earlier in the exercise of reasonable diligence (*see* CPL 330.30 [3]; *see generally People v Robertson*, 302 AD2d 956, 958, *lv denied* 100 NY2d 542).  Although defense counsel clearly could have subpoenaed subscriber information or telephone records prior to trial, we conclude that his ability to do so was frustrated by the People's refusal to specify the precise times of the alleged phone calls received by the victim and the numbers from which or to which defendant allegedly called, and by their delay in turning over the victim's telephone records from the dates in question.  The victim's telephone records reflect a myriad of incoming and outgoing calls from various numbers on the dates at issue and, without any specificity as to the numbers alleged to have been used by defendant or the times he allegedly called the victim, defendant would have had to engage in a "fishing expedition" by subpoenaing the subscriber information and call records for multiple numbers.  It was only during the course of the trial that defendant learned the times of the offending calls and the telephone numbers from which he allegedly called the victim, at which point it was too late to subpoena the relevant records.  We thus agree with defendant that the newly discovered evidence was not available to him prior to trial (*see Ramos*, 166 Misc 2d at 519-523; *cf. People v Matthew*, 274 AD2d 485, 485-486).  We therefore reverse the judgments in appeal Nos. 1 and 2, and order a new trial on those counts.

Contrary to the contention of defendant in appeal No. 3, however, we see no basis to disturb his conviction of assault in the third degree and harassment in the second degree inasmuch as the newly discovered evidence does not relate to those counts.  Although the newly discovered evidence raises questions about the victim's veracity, her testimony concerning the assault incident was credited by the court, defendant admitted that he was involved in a confrontation with the victim on that date, and the victim's version

of events was corroborated by contemporaneous medical records and photographs of her injuries.

Finally, there is no merit to defendant's contention that the court should have convicted him of harassment in the second degree instead of assault in the third degree.  It is well established that harassment in the second degree is not a lesser included offense of assault in the third degree (*see People v Moyer*, 27 NY2d 252, 253-254; *see generally People v Hayes*, 43 AD2d 99, 102, *affd* 35 NY2d 907, *rearg denied* 37 NY2d 937; *People v Sipley*, 209 AD2d 864, 865-866, *lv denied* 84 NY2d 1038).

Entered:  May 3, 2013                          Frances E. Cafarell
                                               Clerk of the Court