People v Crittenden (2020 NY Slip Op 00785)





People v Crittenden


2020 NY Slip Op 00785


Decided on January 31, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, CURRAN, AND WINSLOW, JJ.


1288 KA 13-01179

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JODICE Q. CRITTENDEN, DEFENDANT-APPELLANT. 






CARA A. WALDMAN, FAIRPORT, FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered May 22, 2013. The judgment convicted defendant upon his plea of guilty of attempted robbery in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted robbery in the first degree (Penal Law §§ 110.00, 160.15 [4]). We affirm.
We reject defendant's contention that Supreme Court erred in refusing to suppress the showup identification of him by the victim. "Showup identifications are disfavored, since they are suggestive by their very nature" (People v Ortiz, 90 NY2d 533, 537 [1997]). "Nevertheless, prompt showup identifications which are conducted in close geographic and temporal proximity to the crime are not presumptively infirm, and in fact have generally been allowed" (id. [internal quotation marks omitted]). Here, the People met their burden of demonstrating that the showup was reasonable under the circumstances (see id.) inasmuch as the showup occurred at the scene of the incident and less than two hours after the incident. Contrary to defendant's contention, "a two-hour interval between the crime and the showup is [not] per se unacceptable" (People v Howard, 22 NY3d 388, 402 [2013]; see People v Johnson, 167 AD3d 1512, 1513 [4th Dept 2018], lv denied 33 NY3d 949 [2019]). Moreover, the showup was not rendered unduly suggestive by the fact that, at the time of the identification, defendant's hands were cuffed behind his back and he was standing next to a plainclothes officer or by the fact that the witness may have heard a radio transmission stating that the police had a suspect in custody (see People v Nance, 132 AD3d 1389, 1390 [4th Dept 2015], lv denied 26 NY3d 1091 [2015]; People v Sanchez, 66 AD3d 420, 421 [1st Dept 2009], lv denied 13 NY3d 862 [2009]; People v Ross, 305 AD2d 1073, 1074 [4th Dept 2003], lv denied 1 NY3d 579 [2003]). Thus, the court properly refused to suppress the showup identification (see generally People v Bartlett, 137 AD3d 806, 806-807 [2d Dept 2016], lv denied 27 NY3d 1066 [2016]).
Entered: January 31, 2020
Mark W. Bennett
Clerk of the Court