People v Norman (2020 NY Slip Op 02567)





People v Norman


2020 NY Slip Op 02567


Decided on May 1, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 1, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, WINSLOW, AND BANNISTER, JJ.


381 KA 17-00203

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MARCUS A. NORMAN, DEFENDANT-APPELLANT.






D.J. & J.A. CIRANDO, PLLC, SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR DEFENDANT-APPELLANT. 
PATRICK E. SWANSON, DISTRICT ATTORNEY, MAYVILLE (MARILYN FIORE-LEHMAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Chautauqua County Court (Michael M. Mohun, A.J.), rendered September 29, 2016. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of burglary in the second degree (Penal Law
§ 140.25 [2]). We reject defendant's contention that County Court erred in refusing to suppress identification testimony arising from a showup procedure during which defendant was identified by a resident of the apartment where the burglary was committed. We conclude that the showup procedure, which was conducted within two hours of the burglary, was " reasonable under the circumstances' " (People v Cedeno, 27 NY3d 110, 123 [2016], cert denied — US — , 137 S Ct 205 [2016]; see People v Brisco, 99 NY2d 596, 597 [2003]; People v Duuvon, 77 NY2d 541, 543 [1991]). The showup procedure was "part of a continuous, ongoing police investigation . . . , which spanned two [municipalities] and involved multiple law enforcement agencies, due in large part to the flight of defendant" (People v Johnson, 167 AD3d 1512, 1513 [4th Dept 2018], lv denied 33 NY3d 949 [2019]), and was conducted "as soon as practicable following defendant's apprehension" (People v August, 33 AD3d 1046, 1048 [3d Dept 2006], lv denied 8 NY3d 878 [2007]). Moreover, the showup procedure was not rendered unduly suggestive by the fact that defendant was handcuffed (see People v Stanley, 108 AD3d 1129, 1130 [4th Dept 2013], lv denied 22 NY3d 959 [2013]), or by a police officer's comments to the witness inasmuch as those comments " merely conveyed what a witness of ordinary intelligence would have expected under the circumstances' " (August, 33 AD3d at 1049; see People v Williams, 15 AD3d 244, 246 [1st Dept 2005], lv denied 5 NY3d 771 [2005]).
Defendant contends that the court erred in rejecting his Batson challenge with respect to the People's exercise of a peremptory strike on a prospective juror. We reject that contention. The court's determination whether a proffered race-neutral reason for striking a prospective juror is pretextual is accorded great deference on appeal (see People v Linder, 170 AD3d 1555, 1558 [4th Dept 2019], lv denied 33 NY3d 1071 [2019]; People v Larkins, 128 AD3d 1436, 1441-1442 [4th Dept 2015], lv denied 27 NY3d 1001 [2016]). Here, the People's proffered reason was that the prospective juror stated during voir dire that she had been the victim of a burglary and that she was dissatisfied with the non-resolution of her case. We conclude that the proffered reason was sufficient to satisfy "the People's quite minimal' burden of providing a race-neutral reason" for exercising a peremptory strike (People v Herrod, 174 AD3d 1322, 1323 [4th Dept 2019], lv denied 34 NY3d 951 [2019]; see generally Linder, 170 AD3d at 1558).
We also reject the contention of defendant that the court erred in denying his challenges for cause with respect to three prospective jurors. "CPL 270.20 (1) (b) provides that a party may [*2]challenge a potential juror for cause if the juror has a state of mind that is likely to preclude him [or her] from rendering an impartial verdict based upon the evidence adduced at the trial' " (People v Harris, 19 NY3d 679, 685 [2012]). Here, the three prospective jurors did not discuss any experiences or express any opinions that revealed any potential for bias or cast any serious doubt on their ability to render an impartial verdict, and thus they did not evince a state of mind that was "likely to preclude [them] from rendering an impartial verdict based upon the evidence adduced at the trial" (CPL 270.20 [1] [b]; cf. People v Rice [appeal No. 1], 199 AD2d 1054, 1054 [4th Dept 1993]).
We also reject defendant's contention that the court's refusal to discharge two sworn jurors deprived defendant of his right to a fair and impartial jury. In order to discharge a sworn juror, the court "must be convinced that the juror's knowledge will prevent [him or] her from rendering an impartial verdict" (People v Buford, 69 NY2d 290, 299 [1987]). Here, upon learning of potential issues with the two sworn jurors, the court and defense counsel questioned those two jurors and elicited responses that they would be fair and impartial. On this record, we are unable to conclude that the court "could have been convinced' . . . , based on any unequivocal responses of the juror[s], that the juror[s] [were] grossly unqualified to serve in the case' " (People v Telehany, 302 AD2d 927, 928 [4th Dept 2003]; see CPL 270.35 [1]).
Defendant correctly concedes that he failed to preserve for our review his contention that the evidence is legally insufficient to support the conviction inasmuch as he presented evidence after the court denied his motion for a trial order of dismissal at the close of the People's case, and he failed to renew his motion at the close of the proof (see People v Hines, 97 NY2d 56, 61 [2001], rearg denied 97 NY2d 678 [2001]; People v Swail, 19 AD3d 1013, 1013 [4th Dept 2005], lv denied 6 NY3d 759 [2005], reconsideration denied 6 NY3d 853 [2006]). In any event, that contention lacks merit (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
We reject the further contention of defendant that he was denied effective assistance of counsel (see generally People v Baldi, 54 NY2d 137, 147 [1981]). " [I]t is incumbent on defendant to demonstrate the absence of strategic or other legitimate explanations' for [defense] counsel's alleged shortcomings" (People v Benevento, 91 NY2d 708, 712 [1998], quoting People v Rivera, 71 NY2d 705, 709 [1988]). Defendant failed to meet that burden. The alleged instances of ineffective assistance concerning defense counsel's failure to make various objections or to seek curative instructions are "based largely on [defendant's] hindsight disagreements with . . . trial strategies, and defendant failed to meet his burden of establishing the absence of any legitimate explanations for those strategies" (People v Rogers, 70 AD3d 1340, 1341 [4th Dept 2010], lv denied 14 NY3d 892 [2010], cert denied 562 US 969 [2010] [internal quotation marks omitted]).
Finally, the sentence is not unduly harsh or severe.
Entered: May 1, 2020
Mark W. Bennett
Clerk of the Court