People v Johnson (2022 NY Slip Op 00778)





People v Johnson


2022 NY Slip Op 00778


Decided on February 4, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, NEMOYER, WINSLOW, AND BANNISTER, JJ.


983 KA 18-00565

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
HERBERT D. JOHNSON, DEFENDANT-APPELLANT. 






HEGGE & CONFUSIONE, LLC, MULLICA HILL (MICHAEL CONFUSIONE OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (KAYLAN C. PORTER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered December 13, 2017. The judgment convicted defendant upon a jury verdict of robbery in the first degree, robbery in the second degree, criminal use of a firearm in the first degree and criminal possession of a weapon in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him following a jury trial of, inter alia, robbery in the first degree (Penal Law § 160.15 [4]) and criminal use of a firearm in the first degree (§ 265.09 [1] [a]). He was acquitted of three separate counts related to a second alleged robbery. Contrary to defendant's contention, Supreme Court did not err in refusing to suppress identification evidence related to the crimes of which he was convicted. "[T]he showup procedure, which was conducted within two hours of the [robbery], was ' "reasonable under the circumstances" ' " (People v Norman, 183 AD3d 1240, 1240 [4th Dept 2020], lv denied 35 NY3d 1047 [2020], quoting People v Cedeno, 27 NY3d 110, 123 [2016], cert denied — US &mdash, 137 S Ct 205 [2016]; see People v Howard, 22 NY3d 388, 402 [2013]; People v Johnson, 167 AD3d 1512, 1513 [4th Dept 2018], lv denied 33 NY3d 949 [2019]). That procedure "was 'part of a continuous, ongoing police investigation' . . . , and was conducted 'as soon as practicable following defendant's apprehension' . . . Moreover, the showup procedure was not rendered unduly suggestive by the fact that defendant was handcuffed" (Norman, 183 AD3d at 1240-1241; see People v Crittenden, 179 AD3d 1543, 1544 [4th Dept 2020], lv denied 35 NY3d 969 [2020]).
Defendant further contends that the court erred in denying two applications in which he sought funding for a DNA expert and related investigation services. Specifically, several months after the court granted defendant's initial application for $1,000 for investigative services, defendant filed a written application seeking an additional $1,000 for "further investigative services," contending that such funds were necessary to investigate, inter alia, other potential suspects, and to speak with potential alibi witnesses. Although defendant also mentioned "a potential need for a cell phone expert," there is no mention of a need for a DNA expert in that written application. In his posttrial motion to set aside the verdict pursuant to CPL 330.30, however, defendant contended that the court had erred in denying an ex parte application seeking $500 to retain a specific DNA expert.
As a preliminary matter, the present record does not include an ex parte application for $500 for a DNA expert and defendant, as the appellant, must bear the consequences of an insufficient record (see People v Larrabee, 201 AD2d 924, 924 [4th Dept 1994], lv denied 83 NY2d 855 [1994]; see also People v Dye, 78 AD3d 1607, 1608 [4th Dept 2010], lv denied 16 NY3d 743 [2011]). We thus conclude that defendant's challenge to the denial of the application for funds for a DNA expert should be raised in a CPL 440.10 motion (see Dye, 78 AD3d at 1608).
With respect to the written application for $1,000 for "further investigative services," we conclude that the court did not abuse its discretion in denying that application. County Law § 722-c provides in pertinent part, that, in order to be entitled to funds for expert services, a defendant must establish that the services sought "are necessary" and that the defendant "is financially unable to obtain them." "[U]pon a finding of necessity, a court shall authorize expert services on behalf of a defendant, and only in extraordinary circumstances may a court provide for compensation in excess of $1,000 per expert" (People v Micolo, 171 AD3d 1484, 1485-1486 [4th Dept 2019], lv denied 35 NY3d 1096 [2020]; see County Law § 722-c). Contrary to his contention, "defendant did not make the requisite showing of necessity" to justify his request for additional investigatory funds (Micolo, 171 AD3d at 1486; see People v Walker, 167 AD3d 1502, 1503 [4th Dept 2018], lv denied 33 NY3d 955 [2019]).
Defendant also contends that the evidence is not legally sufficient to support the conviction. That contention is not preserved for our review inasmuch as defendant's motion for a trial order of dismissal was not specifically directed at the alleged deficiencies identified on appeal (see People v Gray, 86 NY2d 10, 19 [1995]), and he also failed to renew his motion after presenting evidence (see People v Hines, 97 NY2d 56, 61 [2001], rearg denied 97 NY2d 678 [2001]). In any event, that contention is without merit (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
In his CPL 330.30 motion, defendant sought to set aside the verdict on the grounds of, inter alia, newly discovered evidence. We reject defendant's contention that he was entitled to a new trial on that particular ground. The alleged newly discovered evidence addressed in the CPL 330.30 motion related to witnesses who claimed that defendant was with them during and after the crimes in question and provided him with an innocent explanation for being in the area where he was arrested. Such evidence constitutes alibi evidence, and "alibi evidence cannot ordinarily form the basis for a new trial on the grounds of newly discovered evidence" (People v Ramos, 166 Misc 2d 515, 519 [Sup Ct, Kings County 1995], affd 232 AD2d 583 [2d Dept 1996]; see People v Giordano, 144 Misc 108, 110 [Bronx County Ct 1932]). That is because defendants would generally know all of the particulars of their alibi before trial, especially where, as here, the defendant is arrested the night of the crime and the purported alibi witnesses are people known to the defendant (cf. Ramos, 166 Misc 2d at 519-520). Generally, when evidence is known to a defendant at the time of trial, it cannot be considered newly discovered evidence (see e.g. People v Lostumbo, 182 AD3d 1007, 1010 [4th Dept 2020], lv denied 35 NY3d 1046 [2020]; People v Backus, 129 AD3d 1621, 1624 [4th Dept 2015], lv denied 27 NY3d 991 [2016]). "A defendant who chooses to withhold evidence should not be given a new trial on the basis of the evidence thus withheld" (Backus, 129 AD3d at 1624 [internal quotation marks omitted]).
Contrary to defendant's contention, we conclude that the sentence is not unduly harsh or severe.
We have reviewed defendant's remaining contentions and conclude that they do not warrant modification or reversal of the judgment.
Entered: February 4, 2022
Ann Dillon Flynn
Clerk of the Court