People v Sanders (2023 NY Slip Op 01608)

People v Sanders

2023 NY Slip Op 01608

Decided on March 24, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 24, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CURRAN, MONTOUR, AND OGDEN, JJ.

113 KA 20-01087

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DECARRIO SANDERS, DEFENDANT-APPELLANT. 

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (DEBORAH K. JESSEY OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (HARMONY A. HEALY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Erie County Court (Susan M. Eagan, J.), rendered March 21, 2019. The judgment convicted defendant, upon a plea of guilty, of assault in the first degree and criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of assault in the first degree (Penal Law
§ 120.10 [1]) and criminal possession of a weapon in the second degree (§ 265.03 [3]). Assuming, arguendo, that defendant's waiver of the right to appeal is invalid and thus does not preclude his challenge to County Court's refusal to suppress certain identifications made by witnesses to the crime (see generally People v Alls, 187 AD3d 1515, 1515 [4th Dept 2020]), we reject that contention.
The challenged show-up identification procedures, which occurred within minutes of defendant's detention, in proximity to the scene of the crime, and at a time when defendant was not handcuffed, were
" 'reasonable under the circumstances' " (People v Cedeno, 27 NY3d 110, 123 [2016], cert denied — US &mdash, 137 S Ct 205 [2016]; see People v Norman, 183 AD3d 1240, 1240 [4th Dept 2020], lv denied 35 NY3d 1047 [2020]). Those procedures were "part of a continuous, ongoing police investigation" and were "conducted as soon as practicable following defendant's apprehension" (People v Johnson, 202 AD3d 1471, 1472 [4th Dept 2022], lv denied 38 NY3d 1033 [2022] [internal quotation marks omitted]; see People v Duuvon, 77 NY2d 541, 544-545 [1991]; People v Swain, 109 AD3d 1090, 1091 [4th Dept 2013], lv denied 23 NY3d 968 [2014]).
Contrary to defendant's further contention, the photo array used during the challenged photo identification procedure was not unduly suggestive (see generally People v Chipp, 75 NY2d 327, 335 [1990], cert denied 498 US 833 [1990]). Although the array had a greenish tint that impacted each of the photographs uniformly, " '[t]he composition and presentation of the photo array[] were such that there was no reasonable possibility that the attention of the witness[ ] would be drawn to defendant as the suspect chosen by the police' " (People v Butler, 140 AD3d 1610, 1611 [4th Dept 2016], lv denied 28 NY3d 969 [2016]).
Defendant failed to preserve for our review his remaining contention, regarding the legality of his initial detention (see generally CPL 470.05 [2]; People v Hudson, 158 AD3d 1087, 1087 [4th Dept 2018], lv denied 31 NY3d 1117 [2018]).
Entered: March 24, 2023
Ann Dillon Flynn
Clerk of the Court