People v Alls (2020 NY Slip Op 05329)





People v Alls


2020 NY Slip Op 05329


Decided on October 2, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, LINDLEY, CURRAN, AND DEJOSEPH, JJ.


279 KA 17-02211

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
REGINALD ALLS, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT L. KEMP OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Erie County Court (James F. Bargnesi, J.), rendered December 7, 2017. The judgment convicted defendant upon his plea of guilty of leaving the scene of an incident without reporting personal injury. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of leaving the scene of an incident without reporting personal injury, which resulted in serious physical injury (Vehicle and Traffic Law § 600 [2] [a], [c] [i]), defendant contends that his waiver of the right to appeal is invalid and that his sentence is unduly harsh and severe. "Even assuming, arguendo, that defendant's waiver of the right to appeal is invalid and thus does not preclude our review of [his] challenge to the severity of [his] sentence" (People v Baker, 158 AD3d 1296, 1296 [4th Dept 2018], lv denied 31 NY3d 1011 [2018]), we perceive no basis in the record to exercise our power to modify the sentence as a matter of discretion in the interest of justice (see CPL 470.15 [6] [b]). We note that this was defendant's fourth felony conviction and that he has already been released to parole supervision.
Entered: October 2, 2020
Mark W. Bennett
Clerk of the Court