People v Johnson (2021 NY Slip Op 00753)





People v Johnson


2021 NY Slip Op 00753


Decided on February 5, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


1129 KA 18-02405

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MARVIN JOHNSON, JR., DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (NATHANIEL V. RILEY OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KENNETH H. TYLER, JR., OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Stephen J. Dougherty, J.), rendered October 16, 2018. The judgment convicted defendant upon a plea of guilty of attempted criminal possession of a weapon in the second degree and reckless endangerment in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of, inter alia, attempted criminal possession of a weapon in the second degree (Penal Law §§ 110.00, 265.03 [3]). Initially, we agree with defendant that his purported waiver of the right to appeal is invalid. During the plea colloquy, County Court " 'conflated the right to appeal with those rights automatically forfeited by the guilty plea' " (People v Chambers, 176 AD3d 1600, 1600 [4th Dept 2019], lv denied 34 NY3d 1076 [2019]; see People v Mothersell, 167 AD3d 1580, 1581 [4th Dept 2018]) and, thus, the record does not establish that "defendant understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (People v Lopez, 6 NY3d 248, 256 [2006]). Moreover, the court's sole explanation that the waiver would foreclose any review by a higher court "utterly 'mischaracterized the nature of the right [to appeal that] . . . defendant was being asked to cede' " (People v Thomas, 34 NY3d 545, 565 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; see People v Youngs, 183 AD3d 1228, 1229 [4th Dept 2020], lv denied 35 NY3d 1050 [2020]). Although the purported waiver of the right to appeal is not enforceable and thus does not preclude our review of defendant's challenge to the severity of his sentence, we nevertheless conclude that the sentence is not unduly harsh or
severe.
Entered: February 5, 2021
Mark W. Bennett
Clerk of the Court