People v Bishop (2021 NY Slip Op 01623)





People v Bishop


2021 NY Slip Op 01623


Decided on March 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, LINDLEY, TROUTMAN, AND BANNISTER, JJ.


300 KA 18-02327

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RYAN C. BISHOP, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ALLYSON L. KEHL-WIERZBOWSKI OF COUNSEL), FOR DEFENDANT-APPELLANT. 
LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (KAITLYNN E. SCHMIT OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Genesee County Court (Charles N. Zambito, J.), rendered September 24, 2018. The judgment revoked defendant's sentence of probation and imposed a sentence of six months in jail and a period of probation. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant was convicted upon his plea of guilty of driving while intoxicated as a class E felony (Vehicle and Traffic Law §§ 1192 [3]; 1193 [1] [c] [i] [A]) and was sentenced to a period of probation. Defendant now appeals from a judgment resentencing him, upon his admission to a violation of probation, to six months in jail and a continuation of the same period of probation with additional terms and conditions.
Contrary to defendant's contention, "the Court of Appeals has rejected the assertion that waivers of the right to appeal should be invalid per se" (People v Viehdeffer, 189 AD3d 2143, 2144 [4th Dept 2020]; see People v Thomas, 34 NY3d 545, 557-558, 558 n 1 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]). Nevertheless, even assuming, arguendo, that defendant's waiver of the right to appeal was invalid (see People v Bisono, — NY3d &mdash, &mdash, 2020 NY Slip Op 07484, *2 [2020]; Thomas, 34 NY3d at 565-566) and thus does not preclude our review of his challenge to the severity of his sentence (see People v Alls, 187 AD3d 1515, 1515 [4th Dept 2020]), we conclude that the sentence is not unduly harsh or severe.
Entered: March 19, 2021
Mark W. Bennett
Clerk of the Court