People v Rogers (2021 NY Slip Op 02663)





People v Rogers


2021 NY Slip Op 02663


Decided on April 30, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 30, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, NEMOYER, CURRAN, AND DEJOSEPH, JJ.


427 KA 19-00512

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ISAAIAH ROGERS, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (NICHOLAS P. DIFONZO OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Erie County Court (James F. Bargnesi, J.), rendered January 9, 2019. The judgment convicted defendant upon his plea of guilty of manslaughter in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of manslaughter in the first degree (Penal Law § 125.20 [1]), arising from the death of the victim, who defendant shot multiple times. Even assuming, arguendo, that defendant's waiver of the right to appeal is invalid (see People v Thomas, 34 NY3d 545, 564-566 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; People v Stephens, 189 AD3d 2142, 2142 [4th Dept 2020]; People v Alls, 187 AD3d 1515, 1515 [4th Dept 2020]) and thus does not preclude our review of his challenge to the severity of his sentence (see Stephens, 189 AD3d at 2142; Alls, 187 AD3d at 1515), we conclude that the sentence is not unduly harsh or severe.
Entered: April 30, 2021
Mark W. Bennett
Clerk of the Court