People v Maye (2021 NY Slip Op 02942)





People v Maye


2021 NY Slip Op 02942


Decided on May 7, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, LINDLEY, AND DEJOSEPH, JJ.


470 KA 19-01635

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
KADESHA MAYE, DEFENDANT-APPELLANT. 






KATHLEEN E. CASEY, BARKER, FOR DEFENDANT-APPELLANT.
CAROLINE A. WOJTASZEK, DISTRICT ATTORNEY, LOCKPORT (LAURA T. JORDAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Niagara County Court (Matthew J. Murphy, III, J.), rendered April 29, 2019. The judgment convicted defendant, upon a plea of guilty, of assault in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting her, upon her plea of guilty, of assault in the second degree (Penal Law
§ 120.05 [2]). We note at the outset that defendant's "release to parole supervision does not render [her] challenge to the severity of [her] sentence moot inasmuch as [she] remains under the control of the Parole Board until [her] sentence has terminated" (People v Paul, 139 AD3d 1383, 1384 [4th Dept 2016], lv denied 28 NY3d 973 [2016]). Nonetheless, even assuming, arguendo, that defendant's waiver of the right to appeal is invalid (see People v Thomas, 34 NY3d 545, 564-566 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; People v Johnson, 191 AD3d 1379, 1379 [4th Dept 2021]) and thus does not preclude our review of her challenge to the severity of her sentence (see People v Alls, 187 AD3d 1515, 1515 [4th Dept 2020]), we conclude that the sentence is not unduly harsh or severe.
Entered: May 7, 2021
Mark W. Bennett
Clerk of the Court