People v Resto (2023 NY Slip Op 06673)

People v Resto

2023 NY Slip Op 06673

Decided on December 22, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, MONTOUR, GREENWOOD, AND NOWAK, JJ.

975 KA 20-00968

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JULIO RESTO, ALSO KNOWN AS BENNY, DEFENDANT-APPELLANT. 

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (BRAEDAN M. GILLMAN OF COUNSEL), FOR DEFENDANT-APPELLANT.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (PAUL G. LYONS OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Erie County Court (James F. Bargnesi, J.), rendered November 20, 2019. The judgment convicted defendant upon his plea of guilty of attempted criminal possession of a controlled substance in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted criminal possession of a controlled substance in the first degree (Penal Law §§ 110.00, 220.21 [1]). Even assuming, arguendo, that defendant's waiver of the right to appeal is invalid (see People v Thomas, 34 NY3d 545, 564-566 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; People v Alls, 187 AD3d 1515, 1515 [4th Dept 2020]) and thus does not preclude our review of his challenge to the severity of the sentence (see Alls, 187 AD3d at 1515), we conclude that the sentence is not unduly harsh or severe.
Entered: December 22, 2023
Ann Dillon Flynn
Clerk of the Court