People v Favors (2024 NY Slip Op 04026)

People v Favors

2024 NY Slip Op 04026

Decided on July 26, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, MONTOUR, NOWAK, AND DELCONTE, JJ.

532 KA 20-00051

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
AREYONA FAVORS, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (BHAGYASHREE GUPTE OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Erie County (John L. Michalski, A.J.), rendered May 13, 2019. The judgment convicted defendant, upon her plea of guilty, of assault in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: In appeal No. 1, defendant appeals from a judgment convicting her, upon her plea of guilty, of assault in the second degree (Penal Law § 120.05 [7]) and, in appeal No. 2, she appeals from a judgment convicting her, upon her plea of guilty, of manslaughter in the first degree (§ 125.20 [1]). Defendant contends in each appeal that her waiver of the right to appeal is invalid and that her sentence is unduly harsh and severe. Even assuming, arguendo, that defendant's waivers of the right to appeal are invalid and therefore do not preclude our review of her challenges to the severity of her sentences (see People v Manso, 202 AD3d 1509, 1509-1510 [4th Dept 2022]; see generally People v Thomas, 34 NY3d 545, 565-566 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]), we conclude in each appeal that the sentence is not unduly harsh or severe.
Entered: July 26, 2024
Ann Dillon Flynn
Clerk of the Court