People v Savage (2024 NY Slip Op 04870)

People v Savage

2024 NY Slip Op 04870

Decided on October 4, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 4, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., BANNISTER, OGDEN, GREENWOOD, AND HANNAH, JJ.

598 KA 21-01386

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
WESLEY SAVAGE, DEFENDANT-APPELLANT. 

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ABIGAIL D. WHIPPLE OF COUNSEL), FOR DEFENDANT-APPELLANT.
MICHAEL J. KEANE, ACTING DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT.

 Appeal from a judgment of the Erie County Court (James F. Bargnesi, J.), rendered September 1, 2021. The judgment convicted defendant upon a plea of guilty of attempted burglary in the first degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his guilty plea of two counts of attempted burglary in the first degree (Penal Law §§ 110.00, 140.30 [2]), defendant contends that his waiver of the right to appeal is invalid and that his sentence is unduly harsh and severe. Even assuming, arguendo, that the waiver of the right to appeal is unenforceable and thus does not preclude our review of his challenge to the severity of his sentence (see People v Resto, 222 AD3d 1425, 1425 [4th Dept 2023], lv denied 41 NY3d 966 [2024]; see generally People v Thomas, 34 NY3d 545, 564-566 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]), we perceive no basis in the record to exercise our power to modify the negotiated sentence as a matter of discretion in the interest of justice (see CPL 470.15 [6] [b]). We note that defendant's plea satisfied multiple charges that could have resulted in consecutive sentences if he were convicted at trial, he was allowed to plead guilty to reduced charges, and his sentence on the crimes to which he pleaded guilty was far closer to the legal minimum than the legal maximum.
Entered: October 4, 2024
Ann Dillon Flynn
Clerk of the Court