People v Hunter (2025 NY Slip Op 02487)

People v Hunter

2025 NY Slip Op 02487

Decided on April 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, SMITH, NOWAK, AND DELCONTE, JJ.

279 KA 23-01107

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DAVID HUNTER, DEFENDANT-APPELLANT. 

ERICKSON WEBB SCOLTON & HAJDU, LAKEWOOD (LYLE T. HAJDU OF COUNSEL), FOR DEFENDANT-APPELLANT.
MICHAEL J. KEANE, DISTRICT ATTORNEY, BUFFALO (APRIL J. ORLOWSKI OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Erie County Court (James F. Bargnesi, J.), rendered January 31, 2020. The judgment convicted defendant upon a plea of guilty of manslaughter in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of manslaughter in the first degree (Penal Law § 125.20 [1]). Assuming, arguendo, that defendant's waiver of the right to appeal is invalid (see People v Thomas, 34 NY3d 545, 564-566 [2019], cert denied — US —, 140 S Ct 2634 [2020]; People v Stephens, 189 AD3d 2142, 2142 [4th Dept 2020]; People v Alls, 187 AD3d 1515, 1515 [4th Dept 2020]) and thus does not preclude our review of his challenge to the severity of his sentence (see Stephens, 189 AD3d at 2142; Alls, 187 AD3d at 1515), we conclude that the sentence is not unduly harsh or severe.
Entered: April 25, 2025
Ann Dillon Flynn
Clerk of the Court