People v John (2025 NY Slip Op 07155)

People v John

2025 NY Slip Op 07155

Decided on December 23, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, OGDEN, NOWAK, AND KEANE, JJ.

862 KA 23-00428

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
EH KER LER JOHN, DEFENDANT-APPELLANT.

TINA L. HARTWELL, PUBLIC DEFENDER, UTICA (DAVID A. COOKE OF COUNSEL), FOR DEFENDANT-APPELLANT. 
TODD C. CARVILLE, DISTRICT ATTORNEY, UTICA (MICHAEL A. LABELLA OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Oneida County Court (Robert Bauer, J.), rendered November 15, 2022. The judgment convicted defendant, upon a plea of guilty, of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), defendant contends that his waiver of the right to appeal is invalid and that his sentence is unduly harsh and severe. Even assuming, arguendo, that defendant's waiver of the right to appeal is invalid (see People v Spratt, 239 AD3d 1325, 1325-1326 [4th Dept 2025], lv denied 44 NY3d 984 [2025]; People v Lyon, 227 AD3d 1521, 1522 [4th Dept 2024], lv denied 42 NY3d 928 [2024]; see generally People v Thomas, 34 NY3d 545, 564-566 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]) and thus does not preclude our review of his challenge to the severity of the sentence (see People v Resto, 222 AD3d 1425, 1425 [4th Dept 2023], lv denied 41 NY3d 966 [2024]; People v Alls, 187 AD3d 1515, 1515 [4th Dept 2020]), we perceive no basis in the record to exercise our power to modify the sentence as a matter of discretion in the interest of justice (see CPL 470.15 [6] [b]).
Defendant further contends that his sentence constitutes cruel and unusual punishment. Even assuming again, arguendo, that the waiver of the right to appeal is invalid and thus does not foreclose our review of that contention (cf. People v Warner, 167 AD3d 1492, 1493 [4th Dept 2018], lv denied 33 NY3d 955 [2019]; People v Marshall, 144 AD3d 1544, 1545 [4th Dept 2016]), we note that defendant failed to preserve it for our review (see People v Thompson, 206 AD3d 1708, 1710 [4th Dept 2022], lv denied 38 NY3d 1153 [2022]; People v Pruitt, 169 AD3d 1367, 1368 [4th Dept 2019]; see generally People v Pena, 28 NY3d 727, 730 [2017]).
Entered: December 23, 2025
Ann Dillon Flynn
Clerk of the Court